1

The Honorable John C. Coughenour

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

CHONG and MARILYN YIM, KELLY
LYLES, EILEEN, LLC, and RENTAL
HOUSING ASSOCIATION OF
WASHINGTON,

No.      2:18-cv-736-JCC

12

Plaintiffs,

CITY OF SEATTLE'S ANSWER TO
COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

13

vs.

14

THE CITY OF SEATTLE, a Washington
Municipal Corporation,

15

Defendant.

16

17

The City of Seattle, the sole Defendant, answers each of the numbered paragraphs of

18

Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint," Dkt. 1-1) as follows:

19

## I.      INTRODUCTION

20

1.       Paragraph 1 of the Complaint states only legal conclusions to which no answer is required.

21

To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City

22

DENIES those allegations.

23

2.       The City lacks knowledge or information sufficient to form a belief about the screening

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 1
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

practices of residential landlords, or about the incident in Illinois described in paragraph 2 of the Complaint, and therefore DENIES those allegations. The remainder of paragraph 2 states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

3.      The City ADMITS that the purposes listed in paragraph 3 of the Complaint are among the purposes for which Ordinance 125393 was enacted and DENIES any other allegation inherent in those allegations. To the extent that paragraph 3 characterizes Ordinance 125393, the ordinance speaks for itself, and the City DENIES those characterizations.

4.      To the extent that paragraph 4 of the Complaint consists of characterizations of Ordinance 125393, the City DENIES those characterizations, because the ordinance speaks for itself. To the extent that it states legal conclusions, no answer is required. To the extent that paragraph 4 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

5.      Paragraph 5 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations. To the extent that paragraph 5 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES them.

6.      Paragraph 6 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

## II.      PARTIES

7.      The City lacks knowledge or information sufficient to form a belief about the factual allegations related to the "plaintiff landlords" in paragraph 7 of the Complaint and therefore DENIES those allegations. The remainder of the paragraph states only legal conclusions to which no answer is required.

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 2
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

8.      The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 8 of the Complaint and therefore DENIES them.

9.      The City ADMITS that it is a Washington municipality located in King County; it DENIES that it is "chartered by the State of Washington" as alleged in paragraph 9 of the Complaint.

### III.      JURISDICTION AND VENUE

10.     Paragraph 10 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

11.     Paragraph 11 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

12.     The City ADMITS that it is located within the limits of King County. The remainder of paragraph 12 of the Complaint states only legal conclusions to which no answer is required.

### IV.      FACTUAL BACKGROUND

13.     The City ADMITS that the City Council passed Council Bill 119015 on August 14, 2017, and that the Mayor signed it (as Ordinance 125393) on August 23, 2017. The remainder of paragraph 13 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

14.     Paragraph 14 of the Complaint consists of characterizations of the recitals of Ordinance 125393. Because the recitals of the ordinance speak for themselves, and the City DENIES those characterizations.

15.     To the extent that paragraph 15 of the Complaint consists of characterizations of the recitals of Ordinance 125393 or documents cited in those recitals, the recitals and documents speak for

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 3
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

themselves, and the City DENIES those characterizations. To the extent that paragraph 15 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

16.     Paragraph 16 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

17.     Paragraph 17 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

18.     Paragraph 18 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

19.     Paragraph 19 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

20.     To the extent that paragraph 20 of the Complaint consists of characterizations of Ordinance 125393, the ordinance speaks for itself, and the City DENIES those characterizations. To the extent that paragraph 20 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

21.     Paragraph 21 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

22.     Paragraph 22 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

23.     The City DENIES any allegation implicit in the description of what the "City claims" at the beginning of paragraph 23 of the Complaint. The remainder of paragraph 23 consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

24.     Paragraph 24 of the Complaint consists of characterizations of Ordinance 125393. Because

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 4
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

the ordinance speaks for itself, the City DENIES those characterizations.

25.     Paragraph 25 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

26.     Paragraph 26 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

27.     Paragraph 27 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

28.     Paragraph 28 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations.

29.     The City lacks knowledge or information sufficient to form a belief about what "City Councilmembers recognized" in enacting Ordinance 125393, and therefore DENIES those allegations of paragraph 29 of the Complaint. The remainder of the paragraph characterizes portions of the Washington Residential Landlord Tenant Act, RCW Ch. 59.18. Because that statute speaks for itself, the City DENIES those characterizations.

30.     The City lacks knowledge or information sufficient to form a belief about the factual allegations related to Plaintiffs' access to "valuable information" or the increased risk described in paragraph 30 of the Complaint and therefore DENIES those allegations. The remainder of the paragraph states only legal conclusions to which no answer is required.

31.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31 of the Complaint and therefore DENIES them.

32.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 32 of the Complaint and therefore DENIES them.

33.     The City lacks knowledge or information sufficient to form a belief about the allegations in

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 5
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

paragraph 33 of the Complaint and therefore DENIES them.

34.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34 of the Complaint and therefore DENIES them.

35.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 35 of the Complaint and therefore DENIES them.

36.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 36 of the Complaint and therefore DENIES them.

37.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 37 of the Complaint and therefore DENIES them.

38.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 38 of the Complaint and therefore DENIES them.

39.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39 of the Complaint and therefore DENIES them.

40.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 40 of the Complaint and therefore DENIES them.

41.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 41 of the Complaint and therefore DENIES them.

42.     The City lacks knowledge or information sufficient to form a belief about the allegations in paragraph 42 of the Complaint and therefore DENIES them.

## V.     DECLARATORY RELIEF ALLEGATIONS

43.     Paragraph 43 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 6
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

44.     Paragraph 44 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

45.     Paragraph 45 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

46.     Paragraph 46 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

### VI.     PERMANENT INJUNCTIVE RELIEF ALLEGATIONS

47.     Paragraph 47 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

48.     Paragraph 48 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

### VII.     CAUSES OF ACTION

### COUNT I

49.     Paragraph 49 of the Complaint contains no allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B) and therefore does not require an admission or denial. To the extent paragraph 49 restates previous allegations requiring a response, the City reiterates its previous denials or admissions of those allegations.

50.     Paragraph 50 of the Complaint states only legal conclusions to which no answer is required.

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 7
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

51.     To the extent that paragraph 51 of the Complaint states legal conclusions, no answer is required. To the extent that paragraph 51 characterizes Ordinance 125393, the ordinance speaks for itself, and the City DENIES those characterizations. To the extent that paragraph 51 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

## COUNT II

52.     Paragraph 52 of the Complaint contains no allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B) and therefore does not require an admission or denial. To the extent paragraph 52 restates previous allegations requiring a response, the City reiterates its previous denials or admissions of those allegations.

53.     Paragraph 53 of the Complaint states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

54.     Paragraph 54 of the Complaint purports to quote the Fourteenth Amendment to the United States Constitution. The text of the amendment speaks for itself, and the City therefore DENIES the allegations of paragraph 54.

55.     The City ADMITS that one purpose of the Fair Chance Housing Ordinance is to "assist individuals in reintegrating into society after release from incarceration" as stated in paragraph 55 of the Complaint. Plaintiffs' characterization of that purpose as a "laudable goal" is not an allegation within the meaning of Fed. R. Civ. P. 8(b)(1)(B). The remainder of paragraph 55 states only legal conclusions to which no answer is required. To the extent that it contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 8
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

56.     Paragraph 56 of the Complaint consists of characterizations of "studies collected in the City clerk's file report…" Because those "studies" speak for themselves, the City DENIES those characterizations. To the extent that paragraph 56 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

57.     Paragraph 57 of the Complaint consists of characterizations of Ordinance 125393. Because the ordinance speaks for itself, the City DENIES those characterizations. To the extent that paragraph 57 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

58.     Paragraph 58 of the Complaint consists in part of characterizations of the recitals of Ordinance 125393 and characterizations of "studies relied upon by the City…." Because the recitals and studies speak for themselves, the City DENIES those characterizations. The remainder of paragraph 58 states only legal conclusions to which no answer is required. To the extent that remainder contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

59.     Paragraph 59 of the Complaint consists of characterizations of the recitals of Ordinance 125393 and at least one study. Because the recitals and study or studies speak for themselves, the City DENIES those characterizations. To the extent that paragraph 59 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

60.     Paragraph 60 of the Complaint consists of characterizations of Ordinance 125393, its recitals, and at least one study. Because the ordinance, its recitals, and the study or studies speak for themselves, the City DENIES those characterizations. To the extent that paragraph 60 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

61.     Paragraph 61 of the Complaint consists of characterizations of studies and an Oregon statute. The studies and statute speak for themselves, the City DENIES those characterizations. To the extent

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

that paragraph 61 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

62.     Paragraph 62 of the Complaint states only legal conclusions to which no answer is required. To the extent that paragraph 62 contains allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), the City DENIES those allegations.

## VIII.   PRAYER FOR RELIEF

No response is required to Plaintiffs' prayer for relief.

## X.       CITY'S PRAYER FOR RELIEF

The City asks the court to DISMISS this action, enter judgment for the City, and award the City such costs and attorney fees as the law allows.

DATED this 29th day of May, 2018.

PETER S. HOLMES
Seattle City Attorney

By:   *s/ Josh Johnson* _____
       Josh Johnson, WSBA #33570
       Assistant City Attorney
       Email: Josh.Johnson@Seattle.Gov
       Phone: (206) 233-7808

       Sara O'Connor-Kriss, WSBA #41569
       Assistant City Attorney
       Email: Sara.OConnor-Kriss@Seattle.Gov
       Phone: (206) 615-0788

       Roger D. Wynne, WSBA #23399
       Assistant City Attorney
       Email: Roger.Wynne@Seattle.Gov
       Phone: (206) 233-2177

       Seattle City Attorney's Office
       701 Fifth Avenue, Suite 2050
       Seattle, WA 98104
       Fax: (206) 684-8284

       *Attorneys for Defendant City of Seattle*

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 10
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notification of such filing to the following:

> Ethan W. Blevins, WSBA #48219
> Brian T. Hodges, WSBA #31976
> PACIFIC LEGAL FOUNDATION
> 10940 NE 33rd Place, Suite 210
> Bellevue, WA 98004
> *[Attorneys for Plaintiffs]*

DATED this 29th day of May, 2018, at Seattle, King County, Washington.

*s/ Jennifer Litfin*
Jennifer Litfin, Legal Assistant

CITY OF SEATTLE'S ANSWER TO COMPLAINT- 11
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-736JCC

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200