THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, *et al.*, | CASE NO. CR18-0736-JCC |
| Plaintiffs, | ORDER |
| v. | |
| THE CITY OF SEATTLE, | |
| Defendant. | |

This matter comes before the Court on Pioneer Human Services ("Pioneer") and the Tenants Union of Washington's ("TU") motion to intervene (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs, individual landlords and a membership association providing screening services for its landlord members, have filed suit against the City of Seattle. (Dkt. No. 1-1 at 2–3.) They challenge the constitutionality of Seattle's Fair Chance Housing Ordinance ("Ordinance"), Seattle Municipal Code ("SMC") § 14.09 *et seq*. (Dkt. No. 1-1 at 4–5.) Specifically, they allege that the Ordinance, which precludes landlords from taking adverse

actions against tenants and prospective tenants based on criminal history[1], violates landlords' free speech and substantive due process rights. (*Id*. at 14–18.) Pioneer and TU, proposed intervenors, are nonprofit organizations who advocate for tenants' rights and assist people with criminal records in securing housing. (Dkt. No. 12 at 2–4.) Both actively participated in a coalition that played a role in the passage of the Ordinance.[2] (*Id.* at 3–4.) They move to intervene as defendants, alleging that the City does not adequately represent their interests. (*Id*. at 9–12.) They argue both for intervention by right and permissive intervention. (*See generally* Dkt. No. 12.) Plaintiffs and Defendant oppose intervention. (*See generally* Dkt. Nos. 18, 20.)

## II. DISCUSSION

Pioneer and TU have not demonstrated that they meet the requirements for intervention as a matter of right. Nor is permissive intervention warranted. Pioneer and TU's primary concern is how the City will interpret and apply the Ordinance—not whether the Ordinance is, indeed, valid. While they may bring an as-applied challenge to the City's application of the Ordinance, they have not demonstrated a basis to intervene in this suit, which challenges the Ordinance in its entirety.

### A. Intervention by Right

Absent a statutory right to intervene, a party seeking to intervene by right must: (1) timely move to intervene, (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action, (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest, and (4) not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see* Fed. R. Civ. P. 24(a)(2). At issue here is whether the City will adequately represent Pioneer and

---

[1] There are limited exceptions for sex offender tenants and landlords of federally assisted housing. SMC § 14.09.025(A)(2)–(3).

[2] They also advocated for strengthening the Ordinance. (Dkt. No. 12 at 3–4.) As originally proposed, the Ordinance would have allowed the use of criminal background checks by landlords for convictions within the previous two years. (Dkt. No. 14 at 3.)

TUs interests.[3] Because Pioneer and TU wish to intervene on behalf of the City, a government entity, they must "make a 'very compelling showing' of the [City's] inadequacy" in protecting their interests. *Cal. ex rel. Lockyer v. U.S.*, 450 F.3d 436, 443 (9th Cir. 2006).

In distinguishing their interests from that of the City, Pioneer and TU focus on potentially divergent interpretations of a provision within the Ordinance exempting providers of federally assisted housing. (Dkt. No. 12 at 11.) The Ordinance provides that it does not apply to an "adverse action taken by landlords of federally assisted housing subject to federal regulations that require denial of tenancy" based on "sex offender registration" or a conviction for the "manufacture or production of methamphetamine on the premises of federally assisted housing." SMC § 14.09.115(B). The Ordinance also provides that in the event of a conflict, "federal requirements shall supersede the requirements of [the Ordinance]." *Id.* at .115(A). Seattle Housing Authority ("SHA") has indicated that, based on the language above, portions of the Ordinance may not apply to it. (Dkt. No. 13-5 at 2–5.)

Pioneer and TU assert that SHA's possibly divergent interpretation of this provision demonstrates that the City will not adequately represent its interest. (Dkt. No. 12 at 11.) But this issue is unrelated to Plaintiff's claims—that the Ordinance is facially invalid in that it limits protected speech and subverts due process. (Dkt. No. 1-1 at 14–18.) On those claims, Pioneer and TU have comparable interests to that of the City. Therefore, the City will adequately represent Pioneer and TU's interest. Accordingly, Pioneer and TU fail to show that they qualify for intervention as a matter of right.

### B. Permissive Intervention

A Court, in its discretion, may grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention would not "unduly delay or prejudice the adjudication of the original parties'

---

[3] The City concedes all other elements are met, while Plaintiffs concede that the second and third elements are met. (Dkt. Nos. 18 at 3, 20 at 3.)

rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). The Court may consider factors including, (1) "the nature and extent of the intervenors' interest," (2) whether existing parties adequately represent those interests, (3) "the legal position [intervenors] seek to advance," and (4) "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

As described above, Pioneer and TU's interests, as it relates to Plaintiff's claims, will be adequately represented by the City. Moreover, the legal position Pioneer and TU seek to advance—that SHA is subject to the Ordinance—is unrelated to Plaintiff's claims. While the Court does appreciate the on-the-ground perspective Pioneer and TU could contribute on the effects of housing discrimination related to criminal records (*see* Dkt. No. 12 at 11–12), that information is best provided through an *amicus curiae* brief. Therefore, the Court finds that permissive intervention is not warranted, but grants Pioneer and TU leave to file a joint *amicus curiae* brief. (*See* Dkt. No. 10 at 2.)

## III. CONCLUSION

For the foregoing reasons, Pioneer and TU's motion for to intervene (Dkt. No. 12) is DENIED. However, leave to file a joint *amicus curiae* brief, not to exceed twenty-four (24) pages is GRANTED. The brief should be filed consistent with the summary judgment briefing schedule established in this matter (Dkt. No. 10 at 2.)

DATED this 23rd day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE