UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, *et al.*, | CASE NO. C18-0736-JCC |
| Plaintiffs, | ORDER |
| v. | |
| THE CITY OF SEATTLE, | |
| Defendant. | |

This matter comes before the Court on the motions for leave to file *amicus curiae* briefs submitted by the National Housing Law Project and Sargent Shriver National Center on Poverty Law ("the NHLP") (Dkt. No. 26) and the Fred T. Korematsu Center for Law and Equality ("the Korematsu Center") (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

## I.  BACKGROUND

Plaintiffs, individual landlords and a membership association providing screening services to its landlord members, have filed suit against the City of Seattle. (Dkt. No. 1-1 at 2–3.) They challenge the constitutionality of Seattle Municipal Code § 14.09 ("Seattle's Fair Chance Housing Ordinance"). (*Id.* at 4–5.) Specifically, they allege that the ordinance, which generally precludes landlords from taking adverse action against tenants and prospective tenants based on criminal history, violates landlords' free speech and substantive due process rights. (*Id.* at 14–

18.)

The parties have filed cross motions for summary judgment. (Dkt. Nos. 23, 33.) On October 17, 2018, the NHLP filed a motion for leave to file an *amicus curiae* brief regarding (1) the national context of the ordinance at issue; (2) the private market's role in ensuring that people who have left the justice system have equitable access to housing; and (3) how criminal records are created, compiled, packaged, and marketed. (Dkt. No. 26 at 4–5.) On October 18, 2018, the Korematsu Center also filed a motion for leave to file an *amicus curiae* brief regarding (1) the history of housing discrimination; (2) the history of the rise of mass incarceration in the United States; and (3) how these two histories, when combined, illustrate why reliance on criminal records in making housing decisions may not be merited. (Dkt. No. 28 at 3–4.)

## II.  DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, slip op. at 1 (W.D. Wash. 2013) (internal quotation omitted) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)). The Ninth Circuit has said "there is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986).

The Court finds that the proposed *amicus* briefs would be useful to it in resolving this case. As the Court acknowledged by previously granting leave to file *amicus* briefs to Pioneer Human Services and Tenants Union of Washington (Dkt. No. 22 at 4), the issues in the underlying litigation could have ramifications beyond the current parties, making the NHLP and the Korematsu Center's participation as *amici* appropriate. Moreover, neither party objects to the

NHLP and the Korematsu Center's participation as *amici*.

## III. CONCLUSION

For the foregoing reasons, the NHLP and the Korematsu Center's motions for leave to file *amicus curiae* briefs (Dkt. Nos. 26, 28) are GRANTED. The NHLP and the Korematsu Center shall file their *amicus* briefs no later than November 23, 2018.

DATED this 7th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE