THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, *et al.*,<br><br>                Plaintiffs,<br>   v.<br>THE CITY OF SEATTLE,<br><br>                Defendant. | CASE NO. C18-0736-JCC<br><br>ORDER |

This matter comes before the Court on the motions for leave to file *amicus curiae* briefs submitted by the National Apartment Association ("NAA") (Dkt. No. 39), the Consumer Data Industry Association ("CDIA") and the National Association of Professional Background Screeners ("NAPBS") (Dkt. No. 42), and the National Consumer Reporting Association ("NCRA") (Dkt. No. 44). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

**I.    BACKGROUND**

Plaintiffs, individual landlords and a membership association providing screening services to its landlord members, have filed suit against the City of Seattle, challenging the constitutionality of Seattle Municipal Code § 14.09 ("Seattle's Fair Chance Housing Ordinance" or "the Ordinance"). (Dkt. No. 1-1 at 2–5.) Specifically, they allege that the ordinance, which generally precludes landlords from taking adverse action against tenants and prospective tenants

based on criminal history, violates landlords' free speech and substantive due process rights. (*Id.* at 14–18.)

The parties have filed cross motions for summary judgment. (Dkt. Nos. 23, 33.) The Court previously granted leave to file *amicus curiae* briefs to four organizations in support of Defendant. (Dkt. Nos. 22, 37.) On November 20, 2018, the NAA sought leave to file an *amicus curiae* brief, in support of Plaintiffs, regarding the Ordinance's impact on landlords and the rental market. (Dkt. No. 39.) On November 21, 2018, CDIA and NAPBS jointly sought leave to file an *amicus curiae* brief, in support of Plaintiffs, addressing (1) the critical role tenant screening plays in the rental market, (2) how federal law requires screening of tenants, and (3) how the Ordinance is preempted by federal law. (Dkt. No. 42.) On November 23, 2018, NCRA sought leave to file an *amicus curiae* brief, also in support of Plaintiffs, addressing (1) how the Ordinance fails to give proper notice, (2) how the Ordinance is unconstitutionally overbroad, and (3) how the Ordinance is preempted by federal law. (Dkt. No. 44.)

## II. DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, slip op. at 1 (W.D. Wash. 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

Defendant argues that the Court should not allow CDIA, NAPBS, and NCRA to file their proposed briefs because the briefs "press[] claims and arguments Plaintiffs do not assert." (Dkt. No. 45.) While it is true that courts often decline to consider arguments raised only in *amici* briefing, *see, e.g., United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013), this

does not preclude the Court from hearing *amici*'s arguments at this stage of the litigation. Instead, this is a factor properly considered when the Court addresses the merits of the pending motions for summary judgment.

The Court finds that the proposed *amicus* briefs would be useful to it in resolving this case. As the Court has previously acknowledged twice before (Dkt. Nos. 22 at 4, 37 at 2), the issues in the underlying litigation could have ramifications beyond the current parties, making all three proposed *amicus* briefs appropriate. Moreover, there are already four Court-approved *amici* who support Defendant (Dkt. Nos. 22, 37), while Plaintiffs currently have none.

## III. CONCLUSION

For the foregoing reasons, the motions for leave to file *amicus curiae* briefs (Dkt. Nos. 39, 42, 44) are GRANTED. None of these *amici* need to separately file their *amicus* briefs, as all *amici* attached them as exhibits to their motions (Dkt. Nos. 39-1, 42-1, 44-1).

DATED this 19th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE