THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, *et al.*, | CASE NO. C18-0736-JCC |
| Plaintiffs, | ORDER |
| v. | |
| THE CITY OF SEATTLE, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to certify a question to the Washington Supreme Court (Dkt. No. 51). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs, individual landlords and a membership association providing screening services to its landlord members, have filed suit against the City of Seattle. (Dkt. No. 1-1 at 2–3.) They challenge the constitutionality of Seattle Municipal Code § 14.09 ("Fair Chance Housing Ordinance"). (*Id.* at 4.) Specifically, they allege that a subsection of the ordinance, which generally precludes landlords from inquiring about a tenant or a prospective tenant's criminal history or from taking adverse action against the same based on criminal history, violates landlords' free speech and substantive due process rights. (*Id.* at 14–18.)

The parties have filed cross motions for summary judgment. (Dkt. Nos. 23, 33.) Various

interested parties have filed *amicus curiae* briefs in support of both sides. (Dkt. Nos. 38, 39, 40, 42, 43, 44.) At the end of the summary judgment briefing schedule, Defendant moved the Court to certify the following question to the Washington Supreme Court—what is the proper standard for evaluating substantive due process claims that arise under the Washington Constitution? (Dkt. No. 51.) Plaintiffs oppose the motion because they argue that the law is clear and that the question is not dispositive to this case. (Dkt. No. 52.)

## II. DISCUSSION

A federal court may certify to the Washington Supreme Court a question of Washington law involved in the underlying federal case when "it is necessary to ascertain the local law . . . in order to dispose of such proceeding and the local law has not been clearly determined." Wash. Rev. Code § 2.60.020. The certification process serves the important judicial interests of efficiency and comity. Certification saves "time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

The Court finds several important reasons to certify the proposed question to the Washington Supreme Court. First, the case involves an important and far-reaching issue of local law and public policy. Second, the Washington Supreme Court has not squarely answered what the proper standard is for a substantive due process claim arising under these or similar circumstances. Third, the Washington Supreme Court may soon decide this same question in another case and this Court is therefore wary about applying a potentially inaccurate standard under state law. (*See* Dkt. No. 52-3.) For those reasons, this matter should be presented for expedited review to the Washington Supreme Court. The following questions are hereby certified to the Washington Supreme Court:

1. What is the proper standard to analyze a substantive due process claim under the Washington Constitution?
2. Is the same standard applied to substantive due process claims involving land use regulations?

3. What standard should be applied to Seattle Municipal Code § 14.09 ("Fair Chance Housing Ordinance")?

The Court does not intend its framing of the questions to restrict the Washington Supreme Court's consideration of any issues that it determines are relevant. The Washington Supreme Court may in its discretion reformulate the questions, if it decides to consider the questions. *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

The Clerk is DIRECTED to submit to the Washington Supreme Court a certified copy of this order; a copy of the docket in the above-captioned matter; and Docket Numbers 23, 24, 33, 38, 39, 40, 42, 43, 44, 48, 50, 51, and 52 in this case. The record so compiled contains all matters in the pending case deemed material for consideration of the local law questions certified for answer.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to certify a question to the Washington Supreme Court (Dkt. No. 51) is GRANTED. The matter is STAYED until the Washington Supreme Court answers the certified questions. Defendant shall file the opening brief on the certified questions, in accordance with the Washington Rules of Appellate Procedure. The Clerk is DIRECTED to terminate all pending motions and case management deadlines.

DATED this 5th day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0736-JCC
PAGE - 3