THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF SEATTLE, <br><br> Defendant. | CASE NO. C18-0736-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion to partially lift the stay of proceedings (Dkt. No. 57). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

The Court has outlined the facts of this case in prior orders, and will not repeat them here. (*See* Dkt. No. 54.) The Court previously stayed this case, pending resolution of a question certified to the Washington Supreme Court about the proper standard for evaluating a substantive due process claim under the Washington Constitution. (*Id.* at 3.) Plaintiffs now move the Court to partially lift the stay so that the Court can resolve the First Amendment challenge to the Ordinance. (Dkt. No. 57.)

The Court has discretion over whether to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The length of a stay must be balanced against the strength of the justification for it. *Yong v. Immigration & Naturalization Serv.*, 208

F.3d 1116, 1119 (9th Cir. 2000). When "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it," the district court may do so "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). In such circumstances, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer*, 398 F.3d at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These competing interests include: (1) the possible damage that could result from a stay; (2) the hardship that a party may suffer in being required to go forward; and (3) the orderly course of justice. *Id*.

Plaintiffs argue that, because their First Amendment claim challenges a different portion of the Ordinance than their due process claim, the Court should consider the First Amendment challenge before the Washington Supreme Court's resolution of the certified question. (Dkt. No. 57.) Although the Court is cognizant of a stay infringing on First Amendment rights, the possible damage that could result to Plaintiffs because of the stay is minimal. Even if the Court were to invalidate the portion of the Ordinance challenged by Plaintiffs' First Amendment claim, Plaintiffs would be in substantially the same position as before the Ordinance was invalidated because the Ordinance would still prohibit Plaintiffs from using a tenant's criminal history adversely. The Court perceives minimal tangible harm to Plaintiffs by waiting to resolve the First Amendment claim until it can resolve the due process claim.

Moreover, a stay of all proceedings is in the orderly course of justice. Resolving the First Amendment claim while waiting to resolve the due process claim would result in piecemeal litigation. It is efficient for the Court's own docket and fair for the parties to continue the stay in this case until the Washington Supreme Court resolves the question certified to it.

Therefore, the Court DENIES Plaintiffs' motion to partially lift the stay (Dkt. No. 57).

//

//

1       DATED this 5th day of April 2019.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE