

FILED
LODGED
RECEIVED
**MAIL**

FEB 05 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON | **CERTIFICATE OF FINALITY** |
| IN | No. 96817-9 |
| CHONG and MARILYN YIM, KELLY LYLES, EILEEN, LLC, and RENTAL HOUSING ASSOCIATION OF WASHINGTON, | U.S. District Court Western District No. C18-00736-JCC |
| Plaintiffs, | |
| v. | |
| THE CITY OF SEATTLE, | |
| Defendant. | |

**THE STATE OF WASHINGTON TO:**     United States District Court – Western District

THIS IS TO CERTIFY that the Supreme Court of the State of Washington addressed the questions certified by the United States District Court for the Western District in its opinion filed in this case on November 14, 2019. On January 9, 2020, an "ORDER AMENDING OPINION" was filed. The opinion became final on January 9, 2020, upon entry of the "ORDER DENYING FURTHER RECONSIDERATION". A true copy of the opinion, order amending opinion and order on reconsideration are attached.

Page 2
No. 96817-9
CERTIFICATE OF FINALITY



IN TESTIMONY WHEREOF, I have hereunto
set my hand and affixed the seal of this Court
at Olympia, Washington on February 3, 2020.

SUSAN L. CARLSON
Clerk of the Supreme Court
State of Washington

cc:   Hon. John C. Coughenour, Judge
      Hon. William M. McCool, Clerk
      Roger D. Wynne
      Sara O'Connor-Kriss
      Jessica L. Goldman
      Brian Trevor Hodges
      Ethan Blevins
      Reporter of Decisions

FILED

JAN – 9 2020

WASHINGTON STATE
SUPREME COURT

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

CERTIFICATION FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

IN

CHONG and MARILYN YIM, KELLY LYLES,
EILEEN, LLC, and RENTAL HOUSING
ASSOCIATION OF WASHINGTON,

                Plaintiffs,

      v.

CITY OF SEATTLE,

            Defendant.

No. 96817-9

ORDER
AMENDING
OPINION

      It is hereby ordered that the majority opinion of Yu, J., filed November 14, 2019, in the

above entitled case is amended as indicated below.

      On page 13, line 18 of the slip opinion, after "544 U.S. at 542." delete "It does not reflect

the core concern of substantive due process, which is 'whether a regulation of private property is

effective in achieving some legitimate public purpose.' *Id.*"

*Yim v. City of Seattle*, No. 96817-9 (order amending opinion)

DATED this ___9ᵗʰ___ day of ___January___, 2020.

_____
Chief Justice

APPROVED:

_____     _____

_____     _____

_____     _____

2



FILED

JAN - 9 2020

WASHINGTON STATE
SUPREME COURT

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON<br><br>IN<br><br>CHONG and MARILYN YIM, KELLY LYLES, EILEEN, LLC, and RENTAL HOUSING ASSOCIATION OF WASHINGTON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SEATTLE,<br><br>　　　　　Defendant. | **ORDER DENYING FURTHER RECONSIDERATION**<br><br>No. 96817-9 |

The Court considered the "CITY OF SEATTLE'S MOTION FOR RECONSIDERATION TO DELETE TWO SENTENCES" and the "PLAINTIFFS' ANSWER TO CITY OF SEATTLE'S MOTION TO RECONSIDER TO DELETE TWO SENTENCES".

The Court entered an order amending opinion in the above cause on January 9, 2020.

Now, therefore, it is hereby

ORDERED:

That further reconsideration is denied.

DATED at Olympia, Washington this _____9_____ day of January, 2020.

For the Court

CHIEF JUSTICE

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE   NOV 1 4 2019
for CHIEF JUSTICE

SC # 96817-9

Desireé ✓

Erin ✓

Camilla
**Trial Court Action
Needed**
    Yes  (No)

This opinion was
filed for record
at 8 a.m. on Nov 14 2019
Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON        IN | ) ) ) ) ) )    No. 96817-9 |
| CHONG and MARILYN YIM, KELLY LYLES, EILEEN, LLC, and RENTAL HOUSING ASSOCIATION OF WASHINGTON, | ) ) ) ) )    En Banc |
|             Plaintiffs,       v. | ) ) ) ) ) ) |
| CITY OF SEATTLE, | )    Filed:  NOV 1 4 2019 |
|             Defendant. | ) ) ) |

YU, J.— This case concerns the facial constitutionality of Seattle's Fair

Chance Housing Ordinance, which provides in relevant part that it is an unfair

practice for landlords and tenant screening services to "[r]equire disclosure, inquire

about, or take an adverse action against a prospective occupant, a tenant, or a

*Yim et al. v. City of Seattle*, No. 96817-9

member of their household, based on any arrest record, conviction record, or criminal history," subject to certain exceptions. SEATTLE MUNICIPAL CODE (SMC) 14.09.025(A)(2). The plaintiffs claim that on its face, this provision violates their state constitutional right to substantive due process and their federal constitutional rights to free speech and substantive due process. WASH. CONST. art. I, § 3; U.S. CONST. amends. I, V, XIV.

The merits of the plaintiffs' claims are not before us. Instead, we have been certified three questions by the federal district court regarding the standard that applies to the plaintiffs' state substantive due process claim: (1) "What is the proper standard to analyze a substantive due process claim under the Washington Constitution?" (2) "Is the same standard applied to substantive due process claims involving land use regulations?" and (3) "What standard should be applied to Seattle Municipal Code [chapter] 14.09 ('Fair Chance Housing Ordinance')?" Order, No. C18-0736-JCC, at 2-3 (W.D. Wash. Feb. 5, 2019).

This court has not previously adopted heightened standards for substantive due process challenges to laws regulating the use of property as a matter of independent state law, and we are not asked to do so in this case. Therefore, we answer the district court's questions as follows: Unless and until this court adopts heightened protections as a matter of independent state law, state substantive due process claims are subject to the same standards as federal substantive due process

2

*Yim et al. v. City of Seattle*, No. 96817-9

claims.  The same is true of state substantive due process claims involving land use

regulations and other laws regulating the use of property.  Therefore, the standard

applicable to the plaintiffs' state substantive due process challenge to the Fair

Chance Housing Ordinance is rational basis review.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, the mayor of Seattle and the Seattle City Council convened an

advisory committee "to evaluate potential strategies to make Seattle more

affordable, equitable, and inclusive."  Doc. 33-12, at 59 (Stipulated R.).  The

committee recommended "a multi-pronged approach of bold and innovative

solutions to address Seattle's housing affordability crisis," particularly as related to

"barriers to housing faced by people with criminal records."  *Id.* at 59-60.  Based

on the committee's report and its own findings, the Seattle City Council enacted

the Fair Chance Housing Ordinance, chapter 14.09 SMC.

Several Seattle landlords and the Rental Housing Association of Washington

(which provides tenant screening services) challenged the ordinance's facial

constitutionality in King County Superior Court.  Their challenge focuses on SMC

14.09.025(A)(2), which makes it an unfair practice for landlords and tenant

screening services to "[r]equire disclosure, inquire about, or take an adverse action

against a prospective occupant, a tenant, or a member of their household, based on

any arrest record, conviction record, or criminal history," subject to certain

*Yim et al. v. City of Seattle*, No. 96817-9

exceptions. The plaintiffs claim that this provision facially violates their federal free speech rights and their state and federal substantive due process rights.

Defendant city of Seattle (City) removed the case to federal district court, and the parties filed cross motions for summary judgment based on stipulated facts and a stipulated record. The district court has not yet ruled on the summary judgment motions because the parties dispute the standard of review that applies to the plaintiffs' state substantive due process claim. The plaintiffs contend that the Fair Chance Housing Ordinance deprives property owners of "a fundamental property interest" and is therefore subject to heightened scrutiny. Doc. 23, at 21. The City contends that rational basis review applies.

The district court noted that another pending case involving a different Seattle ordinance, *Chong Yim v. City of Seattle*, No. 95813-1 (Wash. Nov. 14, 2019) (*Yim I*), raises a similar dispute regarding the standard that applies to state substantive due process claims in Washington. Therefore, "wary about applying a potentially inaccurate standard under state law," the district stayed this case and certified to us three questions regarding the applicable standard of review. Order at 2.

ISSUES

A.     "What is the proper standard to analyze a substantive due process claim under the Washington Constitution?" *Id.*

4

*Yim et al. v. City of Seattle*, No. 96817-9

B.      "Is the same standard applied to substantive due process claims involving land use regulations?" *Id.*

C.      "What standard should be applied to Seattle Municipal Code [chapter] 14.09 ('Fair Chance Housing Ordinance')?" *Id.* at 3.

## ANALYSIS

Article I, section 3 of the Washington State Constitution provides, "No person shall be deprived of life, liberty, or property, without due process of law." Our state due process protection against "the arbitrary exercise of the powers of government" has both procedural and substantive components. *State v. Cater's Motor Freight Sys., Inc.*, 27 Wn.2d 661, 667, 179 P.2d 496 (1947). The procedural component provides that "[w]hen a state seeks to deprive a person of a protected interest," the person must "receive notice of the deprivation and an opportunity to be heard to guard against erroneous deprivation." *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006). Meanwhile, the substantive component of due process "protects against arbitrary and capricious government action even when the decision to take action is pursuant to constitutionally adequate procedures." *Id.* at 218-19. This case concerns only the substantive component.

In a substantive due process claim, courts scrutinize the challenged law according to "a means-ends test" to determine if "a regulation of private property is effective in achieving some legitimate public purpose." *Lingle v. Chevron U.S.A.*

5

*Yim et al. v. City of Seattle*, No. 96817-9

*Inc.*, 544 U.S. 528, 542, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005) (emphasis omitted).  The level of scrutiny to be applied depends on "the nature of the right involved." *Amunrud*, 158 Wn.2d at 219.  "State interference with a fundamental right is subject to strict scrutiny," which "requires that the infringement is narrowly tailored to serve a compelling state interest." *Id.* at 220.  Meanwhile, "[w]hen state action does not affect a fundamental right, the proper standard of review is rational basis," which requires only that "the challenged law must be rationally related to a legitimate state interest." *Id.* at 222.

The plaintiffs characterize the right involved here as a "fundamental property interest[ ]," specifically, "the right of each residential landlord to rent her property to a person of her own choice." Pls.' Resp. Br. at 15-16.  They do not contend that this right requires the application of strict scrutiny, but they do not concede that rational basis review applies either.  Instead, the plaintiffs argue that there is a third type of review, which applies in substantive due process challenges to laws restricting "fundamental property rights" or "traditional 'old property' rights." *Id.* at 15 n.6.  This third type of review, the plaintiffs contend, is "some form of intermediate scrutiny," which exceeds rational basis review by requiring that laws regulating the use of property must either substantially advance a government interest (the "substantially advances test") or not be unduly oppressive on the property owner (the "unduly oppressive test"). *Id.* at 39.

*Yim et al. v. City of Seattle*, No. 96817-9

The level of scrutiny that applies to the plaintiffs' state substantive due process claim is a constitutional question that we decide as a matter of law. *Amunrud*, 158 Wn.2d at 215. We hold that rational basis review applies, and we clarify that the cases cited by the plaintiffs can no longer be interpreted as requiring heightened scrutiny because their "legal underpinnings" have "disappeared." *W.G. Clark Constr. Co. v. Pac. Nw. Reg'l Council of Carpenters*, 180 Wn.2d 54, 66, 322 P.3d 1207 (2014).

A.    In answer to the first two certified questions, independent state law does not require heightened scrutiny in article I, section 3 substantive due process challenges to laws regulating the use of property

"[T]he protection of the fundamental rights of Washington citizens was intended to be and remains a separate and important function of our state constitution and courts that is closely associated with our sovereignty." *State v. Coe*, 101 Wn.2d 364, 374, 679 P.2d 353 (1984). Therefore, this court has a duty to recognize heightened constitutional protections as a matter of independent state law in appropriate cases. *O'Day v. King County*, 109 Wn.2d 796, 801-02, 749 P.2d 142 (1988). Nevertheless, "[t]his court traditionally has practiced great restraint in expanding state due process beyond federal perimeters." *Rozner v. City of Bellevue*, 116 Wn.2d 342, 351, 804 P.2d 24 (1991). Accordingly, we have never before required heightened scrutiny in substantive due process challenges to laws

*Yim et al. v. City of Seattle*, No. 96817-9

regulating the use of property as a matter of independent state law.  In light of the

arguments presented in this case, we decline to do so now.

We recognize that in a number of cases, this court has recited the "unduly

oppressive" test, which appears to exceed rational basis review by asking

"(1) whether the regulation is aimed at achieving a legitimate public purpose;

(2) whether it uses means that are reasonably necessary to achieve that purpose;

and (3) whether it is unduly oppressive on the landowner." *Presbytery of Seattle v.

King County*, 114 Wn.2d 320, 330, 787 P.2d 907 (1990); *see also, e.g.*, *Tiffany

Family Tr. Corp. v. City of Kent*, 155 Wn.2d 225, 238, 119 P.3d 325 (2005); *Orion

Corp. v. State*, 109 Wn.2d 621, 651, 747 P.2d 1062 (1987).  We have never

explicitly rejected the "unduly oppressive" test, although we have noted that it "has

limited applicability even in land use cases." *Amunrud*, 158 Wn.2d at 226 n.5.  We

have also occasionally suggested that a "substantial relation" test applies and that

this test requires heightened scrutiny by asking whether police power regulations

bear a "'real or substantial relation'" (as opposed to a merely rational relation) to

legitimate government purposes. *Biggers v. City of Bainbridge Island*, 162 Wn.2d

683, 694, 169 P.3d 14 (2007) (plurality opinion) (quoting *State ex rel. Brislawn v.

Meath*, 84 Wash. 302, 313, 147 P. 11 (1915)); *see also, e.g.*, *Remington Arms Co.

v. Skaggs*, 55 Wn.2d 1, 5-6, 345 P.2d 1085 (1959).

*Yim et al. v. City of Seattle*, No. 96817-9

However, this precedent is based on opinions of the United States Supreme

Court, not on independent state law. Hugh D. Spitzer, *Municipal Police Power in*

*Washington State*, 75 WASH. L. REV. 495, 513-15 (2000). The "unduly

oppressive" test is derived from an 1894 opinion, *Lawton v. Steele*:

> To justify the State in thus interposing its authority in behalf of the
> public, it must appear, first, that the interests of the public generally,
> as distinguished from those of a particular class, require such
> interference; and, second, that the means are reasonably necessary for
> the accomplishment of the purpose, and not unduly oppressive upon
> individuals.

152 U.S. 133, 137, 14 S. Ct. 499, 38 L. Ed. 385 (1894); *see also Goldblatt v. Town*

*of Hempstead*, 369 U.S. 590, 594-95, 82 S. Ct. 987, 8 L. Ed. 2d 130 (1962).

Meanwhile, the "substantial relation" test is derived from an 1887 opinion, *Mugler*

*v. Kansas*:

> If, therefore, a statute purporting to have been enacted to protect the
> public health, the public morals, or the public safety, has no real or
> substantial relation to those objects, or is a palpable invasion of rights
> secured by the fundamental law, it is the duty of the courts to so
> adjudge, and thereby give effect to the Constitution.

123 U.S. 623, 661, 8 S. Ct. 273, 31 L. Ed. 205 (1887). We have never held that

any form of heightened scrutiny is independently required by article I, section 3 of

the Washington State Constitution, and the parties do not ask us to do so now.[1]

---

[1] Two amici in *Yim* I appear to argue that article I, section 3 does provide enhanced substantive protections beyond those guaranteed by the federal due process clauses. *See* Br. of Amicus Curiae Goldwater Inst. (*Yim* I) at 5; Br. of Amicus Curiae Rental Hous. Ass'n of Wash. (*Yim* I) at 13. However, neither filed an amicus brief in this case and neither provides a principled basis on which to recognize enhanced protections as a matter of independent state law.

*Yim et al. v. City of Seattle*, No. 96817-9

Because the heightened scrutiny apparently required by some of our precedent derives from federal law, we need not consider whether such heightened scrutiny is "incorrect and harmful." *W.G. Clark*, 180 Wn.2d at 66. Instead, we may consider whether the federal "legal underpinnings of our precedent have changed or disappeared altogether." *Id.* As discussed below, the federal legal underpinnings of our precedent have disappeared because the United States Supreme Court requires only rational basis review in substantive due process challenges to laws regulating the use of property. In the absence of a *Gunwall*[2] analysis or any other principled basis for departing from federal law, we decline to do so at this time.

The district court's first two certified questions are "What is the proper standard to analyze a substantive due process claim under the Washington Constitution?" and "Is the same standard applied to substantive due process claims involving land use regulations?" Order at 2. We answer that unless and until this court adopts a heightened standard as a matter of independent state law, article I, section 3 substantive due process claims are subject to the same standards as federal substantive due process claims. The same is true for substantive due process claims involving land use regulations. Our precedent suggesting otherwise

_____

[2] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

*Yim et al. v. City of Seattle*, No. 96817-9

can no longer be interpreted as requiring a heightened standard of review as a matter of independent state law.[3]

B.    In answer to the third certified question, we hold that rational basis review applies to the plaintiffs' state substantive due process challenge to the Fair Chance Housing Ordinance

Because the plaintiffs do not advance an independent state law argument, the parties' primary dispute is the minimum level of scrutiny required by the federal due process clauses. Although this issue is arguably not a question of "local law," RCW 2.60.020, we exercise our discretion to address it because it is necessary to provide complete answers to the certified questions in this case. *See Broad v. Mannesmann Anlagenbau, AG*, 141 Wn.2d 670, 676, 10 P.3d 371 (2000). The plaintiffs contend that federal substantive due process law requires heightened scrutiny of laws regulating the use of property and that it does so because "fundamental attribute[s] of property" are recognized as "fundamental right[s] subject to heightened scrutiny" for substantive due process purposes. Pls.' Resp. Br. at 31. Therefore, the plaintiffs reason, their state substantive due process challenge to the Fair Chance Housing Ordinance cannot be subject to deferential rational basis review.

---

[3] Attached as an appendix is a list of this court's precedent that can no longer be interpreted as requiring a heightened standard of review. We caution that this list is not exclusive and that any holding by this court or the Court of Appeals that heightened scrutiny is required in state substantive due process challenges to laws regulating the use of property is no longer good law. We express no opinion as to whether the outcome of any particular case would have been different had it explicitly applied rational basis review.

*Yim et al. v. City of Seattle*, No. 96817-9

We disagree.  As a matter of current federal law, the "unduly oppressive"

and "substantial relation" tests are not interpreted as requiring heightened scrutiny,

and the "substantially advances" test has been explicitly rejected.  Instead, a law

regulating the use of property violates substantive due process only if it "fails to

serve any legitimate governmental objective," making it "arbitrary or irrational."

*Chevron U.S.A.*, 544 U.S. at 542; *see also Kentner v. City of Sanibel*, 750 F.3d

1274, 1280-81 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 950 (2015); *Samson v.

City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir.), *cert. denied*, 568 U.S.

1041 (2012).  This test corresponds to rational basis review.  In addition, the use of

property has not been recognized as a fundamental right for substantive due

process purposes.  Therefore, the standard that applies to the plaintiffs' state

substantive due process challenge to the Fair Chance Housing Ordinance is rational

basis review.

1. The "unduly oppressive" test is no longer interpreted as requiring heightened scrutiny

The plaintiffs correctly point out that the United States Supreme Court has

never explicitly overruled the "unduly oppressive" language that originated in

*Lawton* and was repeated in *Goldblatt*.  However, the plaintiffs fail to recognize

that the United States Supreme Court does not interpret this language as requiring

heightened scrutiny.  To the contrary, the United States Supreme Court has made it

clear in its 2005 *Chevron U.S.A.* decision that *Lawton* and *Goldblatt* should be

*Yim et al. v. City of Seattle*, No. 96817-9

interpreted as applying a deferential standard that corresponds to rational basis review.

The reason *Goldblatt* may appear to require heightened scrutiny is that *Goldblatt* was decided during a period of "doctrinal blurring that has occurred between due process and regulatory takings." *Orion Corp.*, 109 Wn.2d at 647. A "regulatory taking" occurs when a government restriction on the use of private property is so onerous that the regulation amounts to "a de facto exercise of eminent domain requiring just compensation." *Id.* at 645. For many years, United States Supreme Court cases did not clearly differentiate between the tests for determining (1) when a regulation is so burdensome that it effectively takes private property and (2) when a regulation arbitrarily interferes with the use of property in violation of substantive due process. *See Chevron U.S.A.*, 544 U.S. at 541-42.

*Goldblatt* was one such case. Its "unduly oppressive" test, which asks who must bear the economic burden of a regulation, *Amunrud*, 158 Wn.2d at 226 n.5, reflects concerns implicated by the takings clause, such as "the *magnitude or character of the burden* a particular regulation imposes upon private property rights" and "how any regulatory burden is *distributed* among property owners." *Chevron U.S.A.*, 544 U.S. at 542. It does not reflect the core concern of substantive due process, which is "whether a regulation of private property is *effective* in achieving some legitimate public purpose." *Id.*

*Yim et al. v. City of Seattle*, No. 96817-9

While *Goldblatt* "does appear to assume that the inquiries are the same" for

both regulatory takings and substantive due process claims, the United States

Supreme Court has recognized that "that assumption is inconsistent with the

formulations of our later cases." *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825,

834 n.3, 107 S. Ct. 3141, 97 L. Ed. 2d 677 (1987). As such, *Goldblatt* has been

cited most often for takings principles, not due process principles. *E.g.*, *Lucas v.*

*S.C. Coastal Council*, 505 U.S. 1003, 1022, 112 S. Ct. 2886, 120 L. Ed. 2d 798

(1992); *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 490, 107

S. Ct. 1232, 94 L. Ed. 2d 472 (1987); *Penn Cent. Transp. Co. v. New York City*,

438 U.S. 104, 124-27, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978).

To the extent *Goldblatt* does appear to require heightened scrutiny of laws

regulating the use of property for substantive due process purposes, the United

States Supreme Court has clarified that it does not. Instead, *Goldblatt* has been

interpreted as "applying a deferential 'reasonableness' standard." *Chevron U.S.A.*,

544 U.S. at 541 (internal quotation marks omitted) (quoting and citing *Goldblatt*,

369 U.S. at 594-95; *Lawton*, 152 U.S. at 137). This deferential standard protects

against "arbitrary or irrational" restrictions on property use. *Id.* at 542; *see also id.*

at 548 (Kennedy, J., concurring).

The "arbitrary or irrational" standard is not heightened scrutiny. It

corresponds to rational basis review, which requires only that "the challenged law

14

*Yim et al. v. City of Seattle*, No. 96817-9

must be rationally related to a legitimate state interest." *Amunrud*, 158 Wn.2d at

222. The plaintiffs do not cite, and we cannot find, any post-*Chevron U.S.A.*

decision in which the United States Supreme Court has held the "unduly

oppressive" test requires heightened scrutiny in substantive due process challenges

to laws regulating the use of property.

As we have already held, "[t]hat a statute is unduly oppressive is not a

ground to overturn it under the due process clause." *Salstrom's Vehicles, Inc. v.*

*Dep't of Motor Vehicles*, 87 Wn.2d 686, 693, 555 P.2d 1361 (1976). Today, we

reaffirm that holding and clarify that the "unduly oppressive" test recited in many

of our cases can no longer be interpreted as requiring heightened scrutiny in

substantive due process challenges to laws regulating the use of property.

> 2. The "substantially advances" test has been rejected and the "substantial relation" test is no longer interpreted as requiring heightened scrutiny

As an alternative to the "unduly oppressive" test, the plaintiffs contend that

laws regulating the use of property must be scrutinized in accordance with the

"substantially advances" test, which the plaintiffs characterize as "a form of

heightened scrutiny that closely mirrors this Court's understanding of the unduly

oppressive test." Pls.' Resp. Br. at 38. We disagree. Since at least 1934, federal

law has required only deferential rational basis review.

*Yim et al. v. City of Seattle*, No. 96817-9

The plaintiffs point to the United States Supreme Court's 2005 decision in

*Chevron U.S.A.* to argue that a heightened "substantially advances" test is required.

However, *Chevron U.S.A.* actually states "that the 'substantially advances' formula

was *derived from* due process" and holds "that it has no proper place in our takings

jurisprudence." 544 U.S. at 540 (emphasis added). *Chevron U.S.A.* does not hold

that a heightened "substantially advances" test reflects current federal substantive

due process law, and it clearly does not.

The "substantially advances" test was set forth in a takings case, *Agins v.*

*City of Tiburon*, 447 U.S. 255, 260, 100 S. Ct. 2138, 65 L. Ed. 2d 106 (1980).

However, the test was derived from two *Lochner*-era[4] substantive due process

cases, *Nectow v. City of Cambridge*, 277 U.S. 183, 48 S. Ct. 447, 72 L. Ed. 842

(1928), and *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S. Ct. 114, 71

L. Ed. 303 (1926). Both *Nectow* and *Ambler Realty Co.* do state that zoning

regulations must have a "'*substantial relation* to the public health, the public

morals, the public safety or the public welfare in its proper sense.'" *Nectow*, 277

U.S. at 187-88 (emphasis added) (quoting *Ambler Realty Co.*, 272 U.S. at 395).

Nevertheless, both cases also state that a regulation fails this test only if it "'has *no*

foundation in reason and is a mere *arbitrary or irrational* exercise of power.'" *Id.*

---

[4] *Lochner v. New York*, 198 U.S. 45, 25 S. Ct. 539, 49 L. Ed. 937 (1905), *abrogated by W. Coast Hotel Co. v. Parrish*, 300 U.S. 379, 57 S. Ct. 578, 81 L. Ed. 703 (1937).

at 187 (emphasis added) (quoting *Ambler Realty Co.*, 272 U.S. at 395). This language is arguably contradictory, as the "substantial relation" test may appear to require heightened scrutiny, while the "arbitrary or irrational" test suggests that deferential rational basis review applies. However, any confusion has long since been resolved because the United States Supreme Court does not interpret the "substantial relation" test as requiring heightened scrutiny.

Since at least 1934, the United States Supreme Court has recognized that "the use of property and the making of contracts are normally matters of private and not of public concern," but "[e]qually fundamental with the private right is that of the public to regulate it in the common interest." *Nebbia v. New York*, 291 U.S. 502, 523, 54 S. Ct. 505, 78 L. Ed. 940 (1934). Laws regulating the use of property are therefore not subject to heightened scrutiny:

> The doctrine that prevailed in *Lochner* . . . and like cases—that due process authorizes courts to hold laws unconstitutional when they believe the legislature has acted unwisely—has long since been discarded. We have returned to the original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws.

*Ferguson v. Skrupa*, 372 U.S. 726, 730, 83 S. Ct. 1028, 10 L. Ed. 2d 93 (1963); *see also Greater Chi. Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1071 (7th Cir. 2005) ("[O]ur precedent has routinely applied [*Ambler Realty Co.*] as a rational basis rule for substantive due process and equal protection challenges to municipal ordinances.").

*Yim et al. v. City of Seattle*, No. 96817-9

Thus, according to current United States Supreme Court precedent, a law that regulates the use of property violates substantive due process only if it "fails to serve any legitimate governmental objective," making it "arbitrary or irrational." *Chevron U.S.A.*, 544 U.S. at 542. Even where a law restricts the use of private property, "ordinances are 'presumed valid, and this presumption is overcome only by a clear showing of arbitrariness and irrationality.'" *Samson*, 683 F.3d at 1058 (quoting *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994)); *see also Kentner*, 750 F.3d at 1280-81.

As noted above, this test corresponds to rational basis review, which requires only that "the challenged law must be rationally related to a legitimate state interest." *Amunrud*, 158 Wn.2d at 222. The plaintiffs do not cite, and we cannot find, any post-*Chevron U.S.A.* decision in which the United States Supreme Court has held the "substantial relation" or "substantially advances" tests require heightened scrutiny in substantive due process challenges to laws regulating the use of property. To the contrary, as recently as 2017, the United States Supreme Court reiterated "that the test articulated in *Agins*—that regulation effects a taking if it 'does not substantially advance legitimate state interests'—was improper *because it invited courts to engage in heightened review of the effectiveness of government regulation.*" *Murr v. Wisconsin*, 582 U.S. ___, 137 S. Ct. 1933, 1947,

*Yim et al. v. City of Seattle*, No. 96817-9

198 L. Ed. 2d 497 (2017) (emphasis added) (internal quotation marks omitted)

(quoting *Chevron U.S.A.*, 544 U.S. at 540).

> 3.   The use of property is not recognized as a fundamental right for
>      substantive due process purposes

Finally, the plaintiffs argue that heightened scrutiny is required because the

"fundamental attribute[s] of property" are recognized as "fundamental right[s]" for

substantive due process purposes—not so fundamental as to require strict scrutiny,

but fundamental enough to require "some form of intermediate scrutiny."  Pls.'

Resp. Br. at 31, 39.  None of the cases the plaintiffs cite could fairly be read to

make such a holding.

Without question, the federal due process clauses do require "heightened

protection against government interference with certain fundamental rights and

liberty interests."  *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S. Ct. 2258,

138 L. Ed. 2d 772 (1997).  However, our Court of Appeals recently held that the

use of property is not a fundamental right for substantive due process purposes:

"Just as the right to pursue a particular profession is not a fundamental right but is

a right that is nevertheless subject to reasonable government regulation, so, for

substantive due process purposes, is the right to use one's property."  *Olympic

Stewardship Found. v. Envt'l & Land Use Hr'gs Office*, 199 Wn. App. 668, 720-

21, 399 P.3d 562 (2017) (citation omitted) (citing *Amunrud*, 158 Wn.2d at 220),

*Yim et al. v. City of Seattle*, No. 96817-9

*review denied*, 189 Wn.2d 1040, *cert. denied*, 139 S. Ct. 81 (2018). Both this court

and the United States Supreme Court declined to review this holding.

Nevertheless, the plaintiffs contend *Olympic Stewardship* was incorrect,

relying on cases from this court and the United States Supreme Court that discuss

the importance of property rights, primarily in the context of takings cases. *See*

Pls.' Resp. Br. at 2, 16-17, 31, 39; Pls.' Second Statement of Additional Auth.[5]

We do not question that property rights are important. However, as noted above,

the United States Supreme Court has also made it clear that takings claims and

substantive due process claims are different matters involving different

considerations. *Chevron U.S.A.*, 544 U.S. at 541-42. None of the cases cited by

the plaintiffs actually addresses the question of whether the use of property is a

fundamental right for substantive due process purposes, and they certainly do not

make such a holding.

---

[5] Citing *Knick v. Township of Scott*, 588 U.S. ___, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019) (takings); *Nollan*, 483 U.S. at 833 (takings); *Kaiser Aetna v. United States*, 444 U.S. 164, 179-80, 100 S. Ct. 383, 62 L. Ed. 2d 332 (1979) (takings); *Fuentes v. Shevin*, 407 U.S. 67, 81, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (procedural due process); *McCoy v. Union Elevated R.R. Co.*, 247 U.S. 354, 365, 38 S. Ct. 504, 62 L. Ed. 1156 (1918) (just compensation); *City of Bremerton v. Widell*, 146 Wn.2d 561, 572, 51 P.3d 733 (2002) (criminal trespass); *Mfd. Hous. Cmtys. of Wash. v. State*, 142 Wn.2d 347, 363-65, 13 P.3d 183 (2000) (plurality opinion) (takings); *Guimont v. Clarke*, 121 Wn.2d 586, 595, 854 P.2d 1 (1993) (takings); *City of Des Moines v. Gray Bus., LLC*, 130 Wn. App. 600, 613-14, 124 P.3d 324 (2005) (takings); *State Farm Fire & Cas. Co. v. English Cove Assocs.*, 121 Wn. App. 358, 365, 88 P.3d 986 (2004) (insurance contract interpretation).

*Yim et al. v. City of Seattle*. No. 96817-9

The plaintiffs also cite many cases from this court and the United States

Supreme Court applying the "substantial relation" or "unduly oppressive" tests as

evidence that the use of property is a fundamental right.  Pls.' Resp. Br. at 2-3, 13-

15, 17-22, 32, 37-39; Pls.' Statement of Additional Auths. at 14-15.[6]  However, as

discussed above, both tests are now interpreted as deferential standards

corresponding to rational basis review.  Therefore, the application of these tests

_____

[6] Citing *Pruneyard Shopping Ctr. v. Robins*, 447 U.S. 74, 85, 100 S. Ct. 2035, 64 L. Ed. 2d 741 (1980) (substantial relation); *Moore v. City of East Cleveland*, 431 U.S. 494, 498 n.6, 97 S. Ct. 1932, 52 L. Ed. 2d 531 (1977) (plurality opinion) (substantial relation); *Goldblatt*, 369 U.S. at 594-95 (unduly oppressive); *Wash. ex rel. Seattle Title Tr. Co. v. Roberge*, 278 U.S. 116, 121, 49 S. Ct. 50, 73 L. Ed. 210 (1928) (substantial relation); *Nectow*, 277 U.S. at 187-88 (substantial relation); *Ambler Realty Co.*, 272 U.S. at 395 (substantial relation); *Thomas Cusack Co. v. City of Chicago*, 242 U.S. 526, 531, 37 S. Ct. 190, 61 L. Ed. 472 (1917) (substantial relation); *Chi., Burlington & Quincy Ry. Co. v. Illinois*, 200 U.S. 561, 593, 26 S. Ct. 341, 50 L. Ed. 596 (1906) (substantial relation); *Jacobson v. Massachusetts*, 197 U.S. 11, 31, 25 S. Ct. 358, 49 L. Ed. 643 (1905) (substantial relation); *Minnesota v. Barber*, 136 U.S. 313, 320, 10 S. Ct. 862, 34 L. Ed. 455 (1890) (substantial relation); *Tiffany Family Tr. Corp.*, 155 Wn.2d 225 (unduly oppressive); *Viking Props., Inc. v. Holm*, 155 Wn.2d 112, 118 P.3d 322 (2005) (unduly oppressive); *Willoughby v. Dep't of Labor & Indus.*, 147 Wn.2d 725, 733, 57 P.3d 611 (2002) (unduly oppressive); *Asarco, Inc. v. Dep't of Ecology*, 145 Wn.2d 750, 762, 43 P.3d 471 (2002) (unduly oppressive); *Christianson v. Snohomish Health Dist.*, 133 Wn.2d 647, 661, 672 n.11, 946 P.2d 768 (1997) (unduly oppressive); *Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 935 P.2d 555 (1997) (unduly oppressive); *Rivett v. City of Tacoma*, 123 Wn.2d 573, 580-81, 870 P.2d 299 (1994) (unduly oppressive); *Margola Assocs. v. City of Seattle*, 121 Wn.2d 625, 649-50, 854 P.2d 23 (1993) (unduly oppressive); *Guimont*, 121 Wn.2d at 609 (unduly oppressive); *Robinson v. City of Seattle*, 119 Wn.2d 34, 55, 830 P.2d 318 (1992) (unduly oppressive); *Presbytery*, 114 Wn.2d at 330-31 (unduly oppressive); *Orion Corp.*, 109 Wn.2d at 646-47 (unduly oppressive); *W. Main Assocs. v. City of Bellevue*, 106 Wn.2d 47, 52, 720 P.2d 782 (1986) (unduly oppressive); *Cougar Bus. Owners Ass'n v. State*, 97 Wn.2d 466, 477, 647 P.2d 481 (1982) (unduly oppressive); *State ex rel. Rhodes v. Cook*, 72 Wn.2d 436, 439, 433 P.2d 677 (1967) ("The test when lawful activity upon private property is involved has been said to be more stringent."); *Remington Arms Co.*, 55 Wn.2d at 5 ("'clear, real, and substantial connection'" required (quoting 16 C.J.S. *Constitutional Law* § 195 (1956))); *City of Seattle v. Ford*, 144 Wash. 107, 111, 115, 257 P. 243 (1927) (holding regulation at issue went "'beyond what is necessary'" and was "excessive" (quoting 1 CHRISTOPHER G. TIEDEMAN, STATE AND FEDERAL CONTROL OF PERSONS AND PROPERTY 5 (1900))).

*Yim et al. v. City of Seattle*, No. 96817-9

does not indicate that the use of property is a fundamental right for substantive due process purposes.

In sum, the "unduly oppressive" test recited in our precedent can no longer be interpreted as requiring heightened scrutiny because its legal underpinnings have disappeared.  The plaintiffs also do not show that laws regulating the use of property must be subject to heightened scrutiny as a matter of current federal law or that the use of property is a fundamental right for substantive due process purposes.  Therefore, in answer to the third certified question, we hold that rational basis review applies to the plaintiffs' state substantive due process challenge to the Fair Chance Housing Ordinance.

## CONCLUSION

Based on the foregoing, we answer the certified questions as follows: Unless and until this court recognizes a principled basis for adopting heightened protections as matter of independent state law, state substantive due process claims are subject to the same standards as federal substantive due process claims.  The same is true of state substantive due process claims involving land use regulations and other laws regulating the use of property.  Therefore, the standard applicable to the plaintiffs' state substantive due process challenge to the Fair Chance Housing Ordinance is rational basis review.

22

*Yim. et al.. v. City of Seattle*, No. 96817-9

_____

WE CONCUR:

_____

_____

_____

_____

*Yim et al. v. City of Seattle*, No. 96817-9

APPENDIX

The following is a nonexclusive list of Washington Supreme Court cases

that may no longer be interpreted as requiring heightened scrutiny in article I,

section 3 substantive due process challenges to laws regulating the use of property:

*Abbey Rd. Grp., LLC v. City of Bonney Lake*, 167 Wn.2d 242, 218 P.3d 180 (2009)
(plurality opinion)
*Allen v. City of Bellingham*, 95 Wash. 12, 163 P. 18 (1917)
*Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 143 P.3d 571 (2006)
*Asarco, Inc. v. Dep't of Ecology*, 145 Wn.2d 750, 43 P.3d 471 (2002)
*Biggers v. City of Bainbridge Island*, 162 Wn.2d 683, 169 P.3d 14 (2007) (plurality
opinion)
*Brown v. City of Seattle*, 150 Wash. 203, 272 P. 517, 278 P. 1072 (1928)
*Christianson v. Snohomish Health Dist.*, 133 Wn.2d 647, 946 P.2d 768 (1997)
*City of Olympia v. Mann*, 1 Wash. 389, 25 P. 337 (1890)
*City of Seattle v. Ford*, 144 Wash. 107, 257 P. 243 (1927)
*City of Seattle v. Montana*, 129 Wn.2d 583, 919 P.2d 1218 (1996) (plurality
opinion)
*City of Seattle v. Proctor*, 183 Wash. 293, 48 P.2d 238 (1935)
*City of Seattle v. Ross*, 54 Wn.2d 655, 344 P.2d 216 (1959)
*City of Spokane v. Latham*, 181 Wash. 161, 42 P.2d 427 (1935)
*Convention Ctr. Coal. v. City of Seattle*, 107 Wn.2d 370, 730 P.2d 636 (1986)
*Cougar Bus. Owners Ass'n v. State*, 97 Wn.2d 466, 647 P.2d 481 (1982)
*Covell v. City of Seattle*, 127 Wn.2d 874, 905 P.2d 324 (1995)
*Crane Towing, Inc. v. Gorton*, 89 Wn.2d 161, 570 P.2d 428 (1977)
*Duckworth v. City of Bonney Lake*, 91 Wn.2d 19, 586 P.2d 860 (1978)
*Ellestad v. Swayze*, 15 Wn.2d 281, 130 P.2d 349 (1942)
*Erickson & Assocs. v. McLerran*, 123 Wn.2d 864, 872 P.2d 1090 (1994)
*Guimont v. Clarke*, 121 Wn.2d 586, 854 P.2d 1 (1993)
*Hass v. City of Kirkland*, 78 Wn.2d 929, 481 P.2d 9 (1971)
*Hauser v. Arness*, 44 Wn.2d 358, 267 P.2d 691 (1954)
*Homes Unlimited, Inc. v. City of Seattle*, 90 Wn.2d 154, 579 P.2d 1331 (1978)
*Horney v. Giering*, 132 Wash. 555, 231 P. 958 (1925)
*Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 49 P.3d 867
(2002)
*Lenci v. City of Seattle*, 63 Wn.2d 664, 388 P.2d 926 (1964)
*Lutz v. City of Longview*, 83 Wn.2d 566, 520 P.2d 1374 (1974)

*Yim et al. v. City of Seattle*, No. 96817-9

*Manos v. City of Seattle*, 173 Wash. 662, 24 P.2d 91 (1933)

*Margola Assocs. v. City of Seattle*, 121 Wn.2d 625, 854 P.2d 23 (1993)

*Markham Advert. Co. v. State*, 73 Wn.2d 405, 439 P.2d 248 (1968)

*Maytown Sand & Gravel, LLC v. Thurston County*, 191 Wn.2d 392, 423 P.3d 223 (2018)

*McNaughton v. Boeing*, 68 Wn.2d 659, 414 P.2d 778 (1966)

*Myrick v. Bd. of Pierce County Comm'rs*, 102 Wn.2d 698, 677 P.2d 140, 687 P.2d 1152 (1984)

*Orion Corp. v. State*, 109 Wn.2d 621, 747 P.2d 1062 (1987)

*Patton v. City of Bellingham*, 179 Wash. 566, 38 P.2d 364 (1934)

*Presbytery of Seattle v. King County*, 114 Wn.2d 320, 787 P.2d 907 (1990)

*Ragan v. City of Seattle*, 58 Wn.2d 779, 364 P.2d 916 (1961)

*Remington Arms Co. v. Skaggs*, 55 Wn.2d 1, 345 P.2d 1085 (1959)

*Rivett v. City of Tacoma*, 123 Wn.2d 573, 870 P.2d 299 (1994)

*Robinson v. City of Seattle*, 119 Wn.2d 34, 830 P.2d 318 (1992)

*Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 935 P.2d 555 (1997)

*Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 829 P.2d 765 (1992)

*State ex rel. Brislawn v. Meath*, 84 Wash. 302, 147 P. 11 (1915)

*State ex rel. Faulk v. CSG Job Ctr.*, 117 Wn.2d 493, 816 P.2d 725 (1991)

*State ex rel. Modern Lumber & Millwork Co. v. MacDuff*, 161 Wash. 600, 297 P. 733 (1931)

*State ex rel. Rhodes v. Cook*, 72 Wn.2d 436, 433 P.2d 677 (1967)

*State ex rel. Spokane Int'l Ry. Co. v. Kuykendall*, 128 Wash. 88, 222 P. 211 (1924)

*State ex rel. Warner v. Hayes Inv. Corp.*, 13 Wn.2d 306, 125 P.2d 262 (1942)

*State v. Bowen & Co.*, 86 Wash. 23, 149 P. 330 (1915)

*State v. Conifer Enters., Inc.*, 82 Wn.2d 94, 508 P.2d 149 (1973)

*State v. Fabbri*, 98 Wash. 207, 167 P. 133 (1917)

*State v. Van Vlack*, 101 Wash. 503, 172 P. 563 (1918)

*Tiffany Family Tr. Corp. v. City of Kent*, 155 Wn.2d 225, 119 P.3d 325 (2005)

*Town of Woodway v. Snohomish County*, 180 Wn.2d 165, 322 P.3d 1219 (2014)

*Valley View Indus. Park v. City of Redmond*, 107 Wn.2d 621, 733 P.2d 182 (1987)

*Viking Props., Inc. v. Holm*, 155 Wn.2d 112, 118 P.3d 322 (2005)

*Wash. Kelpers Ass'n v. State*, 81 Wn.2d 410, 502 P.2d 1170 (1972)

*Weden v. San Juan County*, 135 Wn.2d 678, 958 P.2d 273 (1998)

*W. Main Assocs. v. City of Bellevue*, 106 Wn.2d 47, 720 P.2d 782 (1986)

*Willoughby v. Dep't of Labor & Indus.*, 147 Wn.2d 725, 57 P.3d 611 (2002)

*Yim et al. v. City of Seattle*
(Stephens, J., concurring in part and dissenting in part)


96817-9


STEPHENS, J. (concurring in part, dissenting in part)—I agree with the
majority's answers to the first two certified questions, but I write separately because
the third certified question does not involve a matter of state law and is therefore not
appropriately before this court.

"[C]ertified questions should be confined to uncertain questions of state law."
*City of Houston v. Hill*, 482 U.S. 451, 471 n.23, 107 S. Ct. 2502, 96 L. Ed. 2d 398
(1987) (citing 17 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.
COOPER, FEDERAL PRACTICE AND PROCEDURE § 4248 (1978)).  Any federal court
may certify a "question of local law" to this court, RCW 2.60.020, but "[t]he decision
whether to answer a certified question . . . is within [our] discretion," *Broad v.
Mannesmann Anlagenbau, AG*, 141 Wn.2d 670, 676, 10 P.3d 371 (2000) (citing
*Hoffman v. Regence Blue Shield*, 140 Wn.2d 121, 128, 991 P.2d 77 (2000); RAP
16.16(a)).  At times, we have "declined to answer certified questions where . . . any

*Yim et al. v. City of Seattle*, 96817-9
(Stephens, J., concurring in part and dissenting in part)

attempt to answer would be improvident." *United States v. Hoffman*, 154 Wn.2d 730, 748, 116 P.3d 999 (2005) (citing *Hoffman*, 140 Wn.2d at 128).

Here, the district court asks us (1) what standard of scrutiny generally applies to a substantive due process claim under the Washington Constitution, (2) whether that same standard of scrutiny applies to substantive due process claims involving land use regulations, and (3) what standard of scrutiny should be applied to Seattle's Fair Chance Housing Ordinance, chapter 14.09 Seattle Municipal Code. *See* Order, No. C18-0736-JCC, at 2-3 (W.D. Wash. Feb. 5, 2019). As the majority cogently explains in response to the first two certified questions, the standard of scrutiny applicable to substantive due process claims under the Washington Constitution is identical to the standard applicable to such claims under the federal constitution. But then, despite recognizing that "the parties' primary dispute [under the third certified question] is the minimum level of scrutiny required by the federal due process clauses," the majority provides a fairly encompassing analysis of federal substantive due process precedent and proposes a conclusion under "current federal law." Majority at 11-12.

The majority justifies its decision to answer a question of federal law by claiming "it is necessary to provide complete answers to the certified questions in this case." *Id*. at 11 (citing *Broad*, 141 Wn.2d at 676). But "certified questions

*Yim et al. v. City of Seattle*, 96817-9
(Stephens, J., concurring in part and dissenting in part)


should be confined to uncertain questions of state law." *Hill*, 482 U.S. at 471 n.23.

There is nothing to be gained by offering the district court our interpretation of

federal law, when that court must make its own decision and will undoubtedly

consider further arguments from the parties about whether our (nonbinding)

interpretation is right or wrong. Moreover, there is no requirement for us to provide

complete—or, indeed, any—answers to certified questions. *See Broad*, 141 Wn.2d

at 676 ("The decision whether to answer a certified question pursuant to chapter 2.60

RCW is within the discretion of the court." (citing Hoffman, 140 Wn.2d at 128; RAP

16.16(a))). We frequently limit certified questions, change them, or simply decline

to answer—and that is when state law questions are presented. We have all the more

reason to decline to answer a question that requires interpretation of uncertain federal

law.

I would decline to answer the third certified question here and accordingly

dissent from that portion of the majority's opinion.

*Yim, et al. v. City of Seattle*, 96817-9
(Stephens, J., concurring in part and dissenting in part)

Stephens, J.
Fairhurst, CJ.
Madsen, J.

Washington State Supreme Court

Temple of Justice
415 12th Avenue SW
P.O. Box 40929
Olympia, WA 98504-0929

Hon. William M. McCool, Clerk
U.S.District Court-Western District of Wa.
700 Stewart Street, Suite 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED    MAIL

FEB 05 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY