The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YIM, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE,<br><br>    Defendant. | No.    2:18-cv-736-JCC<br><br>CITY OF SEATTLE'S SUPPLEMENTAL OPENING-RESPONSE BRIEF RE PLAINTIFFS' WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM<br><br>NOTED ON MOTION CALENDAR:<br>Friday, May 22, 2020 |

**<u>Contents</u>**

I.   Summary ........................................................................................................................1

II.  Argument .......................................................................................................................1

    A.  Plaintiffs' Washington substantive due process claim is subject to the analysis governing their federal claim. ............................................................................1

    B.  Federal courts apply the "rational basis" analysis, not a heightened "substantial relation" or "undue oppression" analysis. .........................................................2

        1.  With its roots in *Euclid* and *Nectow*, the "rational basis" analysis is settled federal law. ..................................................................................2

        2.  Plaintiffs find no support for a heightened "substantial relation" analysis. .............3

        3.  Plaintiffs fail to revive "undue oppression." ..........................................4

    C.  The Ordinance survives "rational basis" review. ..............................................7

        1.  The "rational basis" analysis is deferential. .........................................8

        2.  Plaintiffs cannot sustain their burden of proof. ......................................9

III. Conclusion ...................................................................................................................11

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON
SUBSTANTIVE DUE PROCESS CLAIM - i
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

# I. SUMMARY

The Washington Supreme Court's answer to this Court's question is clear: Plaintiffs' state substantive due process claim is governed by the same analysis governing their federal claim. That federal law is clear—it is the deferential "rational basis" analysis, not the heightened "substantial relation" or "undue oppression" analysis Plaintiffs favor. Plaintiffs cannot sustain their burden under "rational basis."

# II. ARGUMENT

### A. Plaintiffs' Washington substantive due process claim is subject to the analysis governing their federal claim.

This Court must apply the federal substantive due process analysis to Plaintiffs' claim that the Ordinance violates their Washington substantive due process rights. This Court asked: "What is the proper standard to analyze a substantive due process claim under the Washington Constitution?"[1] In *Yim II*, the Washington Supreme Court responded: "We answer that unless and until this court adopts a heightened standard as a matter of independent state law, article I, section 3 substantive due process claims are subject to the same standards as federal substantive due process claims."[2]

Plaintiffs unfairly criticize *Yim II* for explaining the federal law Washington follows.[3] *Yim II* had to explore federal law because, in a reversal of Plaintiffs' position before this Court on cross-motions for summary judgment (where they claimed unique Washington and federal

---

[1] Order, Dkt. # 54 at p. 2.

[2] *Yim v. City of Seattle*, 194 Wn.2d 682, 692–93, 451 P.3d 694 (2019) ("*Yim II*"). Accord *id.*, 194 Wn.2d at 701–02.

[3] Pls.' Supp., Dkt. # 66 at pp. 5–8.

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON
SUBSTANTIVE DUE PROCESS CLAIM - 1
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

analyses), Plaintiffs argued to the Washington Supreme Court that federal and Washington due process law is coextensive.[4] *Yim II* corrected Plaintiffs' mischaracterization of that law.

This Court does not need a Washington court to explain federal law. This Court should assess that law for itself. That law is the well-established, deferential "rational basis" analysis.

**B. Federal courts apply the "rational basis" analysis, not a heightened "substantial relation" or "undue oppression" analysis.**

**1. With its roots in *Euclid* and *Nectow*, the "rational basis" analysis is settled federal law.**

Federal law subjects Plaintiffs' claim to the "rational basis" analysis. It is the most deferential form of judicial scrutiny—a court determines only whether the government could have harbored a rational reason for adopting the law.[5] The analysis has its roots in *Euclid* and *Nectow*, which determined a law would survive a substantive due process challenge if it is not "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."[6] Federal courts have expressed this foundational concept in several forms that ask if the law is rationally related (or, in *Euclid*'s negative parlance, if it is not "clearly arbitrary and unreasonable, having no substantial relation") to some legitimate governmental interest (or, as in *Euclid*, to the "public health, safety, morals, or general welfare"), all of which fall under the "rational basis" label.[7]

---

[4] *Compare* Pls.' MSJ, Dkt. # 23 at p. 21 *with* Plaintiffs' Resp. Brf., 2019 WL 2250518 at 2–3 (April 3, 2019).

[5] *See* Resp. at 13 n.5; Opening at 10–11.

[6] *Nectow v. Cambridge*, 277 U.S. 183, 187–188 (1928); *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395 (1926). Federal courts continue to cite *Euclid* and *Nectow* as the source of the "rational basis" analysis. *E.g.*, *Greater Chicago Combine and Center, Inc. v. City of Chicago*, 431 F.3d 1065, 1071 (7th Cir. 2005); *Kim v. United States*, 121 F.3d 1269, 1273–74 (9th Cir. 1997); *Gamble v. City of Escondido*, 104 F.3d 300, 307 (9th Cir. 1997); *Ramsey Winch Inc. v. Henry*, 555 F.3d 1199, 1211 (10th Cir. 2009).

[7] *See, e.g.*, *U.S. v. Comstock*, 560 U.S. 126, 151 (2010) (Kennedy, J., concurring) ("The phrase 'rational basis' most often is employed to describe the standard for determining whether legislation that does not proscribe fundamental liberties nonetheless violates the Due Process Clause."); *Williamson v. Lee Optical of Okla., Inc*., 348 U.S. 483, 488 (1955) ("It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it."); *West Virginia State Board of Education v. Barnette*, 319 U.S.

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 2
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Plaintiffs falsely claim *Yim II* ruled *Euclid*'s and *Nectow*'s enunciations of the "rational basis" analysis are invalid.[8] *Yim II* merely rejected Plaintiffs' claim that *Euclid* and *Nectow* supported a heightened "substantially advances" analysis.[9]

### 2.     Plaintiffs find no support for a heightened "substantial relation" analysis.

Consistent with *Euclid* and *Nectow*, under the "rational basis" analysis a plaintiff must prove a challenged law has "no substantial relation" to some legitimate governmental interest.[10] Plaintiffs turn that on its head, insisting government must pass a heightened "substantial relation" test "requiring meaningful means-ends analysis."[11] This marks an evolution in Plaintiffs' thinking—they earlier claimed federal courts apply a "substantially advances" test, never mentioning a separate "substantial relation" test.[12]

None of the three opinions Plaintiffs cite supports a heightened inquiry. Each underscores "rational basis." First, *Nebbia* is an early "rational basis" decision.[13] In context, the passage Plaintiffs cite merely adds flesh to the "rational basis" analysis: "And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary, or

---

624, 639 (1943) ("power to impose all of the restrictions which a legislature may have a 'rational basis' for adopting"); *United States v. Carolene Prods. Co.*, 304 U.S. 144, 152 (1938) ("rests upon some rational basis within the knowledge and experience of the legislators"). *Accord United States v. Blodgett*, 872 F.3d 66, 69 (1st Cir. 2017); *Reyes v. North Tex. Tollway Auth.*, 861 F.3d 558, 561 (5th Cir. 2017); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1071 (7th Cir. 2013); *Witt v. Department of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008); *Blue Martini Kendall, LLC v. Miami Dade County*, 816 F.3d 1343, 1351 (11th Cir. 2016).

[8] Pls.' Supp., Dkt. # 66 at p. 6.

[9] *Yim II*, 194 Wn.2d at 697.

[10] *Euclid*, 272 U.S. at 395; *Nectow*, 277 U.S. at 187–188.

[11] Pls.' Supp., Dkt. # 66 at pp. 6–7.

[12] Pls.' MSJ, Dkt. # 23 at p. 24; Pls.' Opp. to XMSJ & Reply, Dkt. # 48 at pp. 30–32.

[13] *Nebbia v. New York*, 291 U.S. 502 (1934).

---

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 3
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained."[14]

Second, *Moore* did not replace "rational basis" with a means-ends analysis.[15] *Moore* invoked *Euclid*'s "rational basis" analysis and, in a footnote, observed it retains teeth because "our cases have not departed from the requirement that the government's chosen means must rationally further some legitimate state purpose."[16]

Finally, *Snyder's Drug*, which overruled *Liggett* as out of step with the "rational basis" analysis, only underscores the primacy of "rational basis."[17] Plaintiffs cite a snippet of *Snyder's Drug*'s passage quoting *Liggett*'s dissent, omitting the context fitting that quote within mainstream "rational basis" law: "The Constitution does not make it a condition of preventive legislation that it should work a perfect cure. It is enough if the questioned act has a manifest tendency to cure or at least to make the evil less."[18]

### 3. Plaintiffs fail to revive "undue oppression."

Offering another alternative, Plaintiffs also contend federal courts apply an "undue oppression" analysis without explaining where courts apply it instead of the "substantial relation" analysis Plaintiffs also promote or the "substantially advances" analysis they abandoned.[19]

---

[14] *Id*. at 525.

[15] *Moore v. East Cleveland*, 431 U.S. 494 (1977).

[16] *Id*. at 498 & n.6.

[17] *North Dakota State Bd. of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 167 (1973) (overruling *Louis K Liggett Co. v. Baldridge*, 278 U.S. 105 (1928)).

[18] *Id*. (quoting *Liggett*, 278 U.S. at 114–15 (Holmes, J., dissenting)).

[19] Pls.' Supp., Dkt. # 66 at pp. 5–8.

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 4
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

The "undue oppression" analysis from *Goldblatt*, which relied on the *Lochner*-era *Lawton*, is a dead letter in federal law.[20] The U.S. Supreme Court rejected "undue oppression," albeit without mentioning *Lawton* or *Goldblatt*.[21] The U.S. Supreme Court tossed *Goldblatt* on a pile of decisions conflating due process and takings law.[22] Plaintiffs offer no opinion favorably citing *Goldblatt*'s invocation of "undue oppression" since the Court issued it in 1962.

Plaintiffs misrepresent five opinions—including two dissents they fail to identify as such—to contend "[t]he U.S. Supreme Court applies the 'unduly oppressive' test in a variety of rational basis contexts."[23] Four of the five do not arise in the context of a "rational basis" claim. None mentions the "undue oppression" analysis or holds a lesson for this case.

The first three opinions involve criminal proceedings and do not mention the rational basis analysis. First, "[n]o due process objections were asserted" in *Heath*.[24] Plaintiffs cite the final paragraph of a dissent in a passage quoting another dissent about the oppressiveness of "relentless prosecutions."[25] Second, *Stogner* did not reach the due process claim raised there.[26]

---

[20] *Goldblatt v. Hempstead,* 369 U.S. 590, 594 (1962) (citing *Lawton v. Steele,* 152 U.S. 133, 137 (1894)). Plaintiffs once claimed *Goldblatt* endorses a "substantially advances" test. Pls.' Opp. to XMSJ & Reply, Dkt. # 48 at 31.

[21] *Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Rock Island & Pac. R.R.*, 393 U.S. 129, 143 (1968). *Accord Ferguson v. Skrupa*, 372 U.S. 726, 728–29 (1963) (rejecting the notion that a court may "decide whether a statute bears too heavily upon [a] business and by so doing violates due process").

[22] *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 541 (2005). *See also Nollan v. California. Coastal Comm'n*, 483 U.S. 825, 835 n.3 (1987) (criticizing *Goldblatt* for assuming similar inquiries under due process and takings claims). *Accord Yim II*, 194 Wn.2d at 695 ("*Goldblatt has* been cited most often for takings principles, not due process principles"); *Town of Dillon v. Yacht Club Condominiums Home Owners Assn.*, 2014 CO 37, 325 P.3d 1032, 1042–43 (Colo. 2014) (refusing to apply *Goldblatt* to a substantive due process claim).

Plaintiffs misrepresent *Yim II* as concluding *Lingle* impliedly overruled *Lawton*'s and *Goldblatt*'s "undue oppression" analysis. Pls.' Supp., Dkt. # 66 at pp. 6–7. *Yim II* reasoned only that *Lingle* clarified "*Lawton* and *Goldblatt* should be interpreted as applying a deferential standard that corresponds to rational basis review." *Yim II* at 694–96. This Court can read *Lingle*'s treatment of *Lawton* and *Goldblatt* for itself. 544 U.S. at 541. *Lingle* does not mention—let alone endorse—the "undue oppression" analysis.

[23] Pls.' Supp., Dkt. # 66 at p. 7 n.2.

[24] *Heath v. Alabama*, 474 U.S. 82, 86 (1985). *See id*. at 87–94.

[25] *Id*. at 103 (Marshall, J., dissenting) (quoting *Ciucci v. Illinois,* 356 U.S. 571, 475 (1958) (Douglas, J., dissenting)).

[26] *Stogner v. California*, 539 U.S. 607, 633 (2003).

---

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON
SUBSTANTIVE DUE PROCESS CLAIM - 5
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

As with *Heath*, Plaintiffs cite a passage from the dissent decrying "oppressive prosecutions."[27] Third, *Engle* rejected a *procedural* due process claim where the defendant failed to raise the issue in the state trial court.[28] Plaintiffs cite a footnote merely quoting an Eighth Circuit decision that should have alerted defendant's trial counsel to the issue.[29]

Fourth, *TXO* addressed the "reasonableness" standard applied to a jury's punitive damages award, distinguishing the "rational basis" analysis applied to legislation: "The review of a jury's award for arbitrariness and the review of legislation surely are significantly different."[30] Plaintiffs cite the Court's application of the "reasonableness" standard to the jury award.[31]

Finally, *Pension Benefit*—the only opinion Plaintiffs cite that applied the "rational basis" analysis—confirms "rational basis" governs.[32] *Pension Benefit* upheld a law's retroactive application under "rational basis."[33] Plaintiffs cite a passage turning away an argument by quoting a footnote from an earlier decision that mentioned "oppressive," but Plaintiffs fail to note that passage immediately reaffirmed that an earlier "rational basis" decision controls: "[A]lthough we have noted that retrospective civil legislation may offend due process if it is 'particularly "harsh and oppressive,"' . . ., that standard does not differ from the prohibition against arbitrary and irrational legislation that we clearly enunciated in [*Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1 (1976)]."[34]

---

[27] *Id.* at 653 (Kennedy, J., dissenting).

[28] *Engle v. Isaac*, 456 U.S. 107, 135 (1982).

[29] *Id.* at 131 n.39 (quoting *Stump v. Bennett*, 398 F.2d 111, 122 (8th Cir. 1969) ("an oppressive shifting of the burden of proof to a criminal defendant violates due process")).

[30] *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 456 (1993).

[31] *Id.* at 454 (noting a jury award violates that standard if it is "plainly arbitrary and oppressive").

[32] *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 728–31 (1984).

[33] *Id.*

[34] *Id.* at 733 (quoting *United States Trust Co. v. New Jersey*, 431 U.S. 1, 17, n. 13 (1977) (quoting other case law)). *See Usery*, 428 U.S. at 15 ("It is by now well established that legislative Acts adjusting the burdens and benefits of

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 6
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Plaintiffs miscast four other opinions as examples of the Supreme Court "explaining that the undue oppression test is simply another way of showing irrationality."[35] None cites *Lawton* or *Goldblatt*, mentions the "undue oppression" analysis, supports Plaintiffs' proposition, or offers insights on Plaintiffs' claim. First, *Haynes* ruled that using a criminal defendant's coerced confession against him violated his *procedural* due process rights.[36] Second, *Lewis* addressed a claim of executive action (a police officer killing someone in a high-speed automobile chase) depriving a person of a fundamental right (their life) in violation of substantive due process guarantees.[37] *Lewis* is irrelevant for a claim, like Plaintiffs', about legislation implicating no fundamental right. Third, Plaintiffs invoke a passage from *Carlton* rehashing *Pension Benefit*, which, again, confirms "rational basis" controls.[38] Finally, *Mugler*—which proclaimed the government may not enact "unnecessary" laws "that will be oppressive to the citizen"—is a nineteenth century relic predating "rational basis" and even *Lawton*.[39]

### C. The Ordinance survives "rational basis" review.

Although Plaintiffs insist a heightened "substantial relation" or "undue oppression" analysis controls, Plaintiffs' supplemental brief does not apply those standards to the Ordinance. The City will not chase arguments Plaintiffs omit.[40] Plaintiffs fail to meet their burden under the "rational basis" analysis.

---

economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.")

[35] Pls.' Supp., Dkt. # 66 at pp. 7–8.

[36] *Haynes v. State of Wash.*, 373 U.S. 503, 504, 514–15 (1963).

[37] *County of Sacramento v. Lewis*, 523 U.S. 833, 836, 840 (1998).

[38] *United States v. Carlton*, 512 U.S. 26, 30–31 (1994) (quoting *Pension Benefit*, 467 U.S. at 729–30).

[39] *Mugler v. Kansas*, 123 U.S. 623, 8 S. Ct. 273, 289 (1887).

[40] The City does not waive its response should Plaintiffs raise these arguments in reply. The City already explained why the Ordinance survives "undue oppression" review. City's Opp. & XMSJ, Dkt. # 33 at pp. 34–36; City's Reply, Dkt. # 50 at pp. 15–16.

---

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 7
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

### 1. The "rational basis" analysis is deferential.

By design, "it is very difficult to overcome the strong presumption of rationality that attaches to a statute" under the "rational basis" analysis.[41] A court must presume a law is valid unless a plaintiff meets the exceedingly high burden of proving it advances no governmental purpose.[42] The plaintiff must negate every conceivable basis that might support the law.[43] This high bar is grounded in the long-held belief that, unless a plaintiff can show a law lacks a rational foundation, "the people must resort to the polls not the courts."[44]

The government has no obligation to produce evidence to sustain the rationality of a statute.[45] Legislation "may be based on rational speculation unsupported by evidence or empirical data."[46] A court must uphold the challenged law if "any reasonably conceivable state of facts that could provide a rational basis . . . ."[47] Any plausible basis suffices, even if it did not underlay the legislative action[48] and even if no party raised that basis in its arguments.[49]

---

[41] *Beatie v. City of New York*, 123 F.3d 707, 712 (2d Cir. 1997). *See U.S. v. Osburn*, 955 F.2d 1500, 1505 (11th Cir. 1992) ("The burden of reasonableness is not a particularly onerous burden . . . ."). The "rational basis" analysis is functionally the same for both substantive due process and equal protection claims. *Munoz v. Sullivan*, 930 F.2d 1400, 1404 n. 10 (9th Cir.1991); *A.J. California Mini Bus, Inc. v. Airport Comm'n of the City & Cty. of San Francisco*, 148 F. Supp. 3d 904, 914 (N.D. Cal. 2015). This brief cites substantive due process and equal protection case law for how courts apply the "rational basis" analysis.

[42] *Samson v. City of Bainbridge Is.*, 683 F.3d 1051, 1058 (9th Cir. 2012); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008).

[43] *Federal Communications Comm'n ("FCC") v. Beach Communications, Inc.*, 508 U.S. 307, 315 (1993).

[44] *Williamson*, 348 U.S. at 488 (quoting *Munn v. State of Illinois*, 94 U.S. 113, 134 (1876)). *Accord Beatie*, 123 F.3d at 712 ("The Constitutional presumption in this area of the law is that the democratic process will, in time, remedy improvident legislative choices and that judicial intervention is therefore generally unwarranted.").

[45] *Heller v. Doe*, 509 U.S. 312, 320 (1993).

[46] *FCC*, 508 U.S. at 315.

[47] *Id.* at 313. *Accord Carolene Prods.*, 304 U.S. at 154 (the sole issue is "whether any state of facts either known or which could reasonably be assumed affords support for it").

[48] *FCC*, 508 U.S. at 315 ("it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature"); *Beatie*, 123 F.3d at 712.

[49] *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 463 (1988); *Powers v. Harris*, 379 F.3d 1208, 1217–18 (10th Cir. 2004).

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 8
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Under the "rational basis" analysis, a legislative choice "is not subject to courtroom factfinding."[50] A law cannot be challenged simply by "introduc[ing] evidence tending to support a conclusion contrary to that reached by" the governing body.[51] Evidence that "may cast some doubt on the wisdom of the statute" is irrelevant.[52] A court should also turn away evidence of the law's efficacy because the "rational basis" analysis provides no opportunity to weigh whether the law will achieve its objective or a different approach would be better.[53]

### 2. Plaintiffs cannot sustain their burden of proof.

Plaintiffs' attempts to sustain their burden fall short. They start by miscasting recidivism as the Ordinance's objective.[54] The Ordinance's purpose is "to reduce barriers to housing for people with a criminal history—barriers that disproportionately impede people of color."[55] Reducing recidivism is only a secondary effect of reducing barriers to housing.[56] Perhaps Plaintiffs attack recidivism because they earlier conceded the links between the Ordinance and its actual objectives: "Certainly, the City presents meaningful evidence that many people have criminal records, that such records are disproportionately held by minorities, that stable housing helps those individuals to re-integrate into society, and that those with criminal history tend to struggle with housing."[57] Even if their attack on recidivism was relevant, it falls short: although

---

[50] *FCC*, 508 U.S. at 315. *Accord Carolene Prods.*, 304 U.S. at 154.

[51] *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 238 (3d Cir. 1987). *Accord Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464 (1981).

[52] *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 124–25 (1978).

[53] *Powers*, 379 F.3d at 1217; *Beatie*, 123 F.3d at 712; *Osburn*, 955 F.2d at 1505.

[54] Pls.' Supp., Dkt. # 66 at p. 9.

[55] City's Opp. & XMSJ, Dkt. # 33 at p. 33. *Accord id.* at pp. 7–12, 20, 34. *See* Stip. Record, Dkt. # 33-7 at p. 7 ("community groups have called on the City to address barriers faced by renters with criminal records"); *id.* at p. 30 ("The bill is a result of a . . . recommendation to lower barriers to housing for persons with criminal histories.").

[56] *Compare* Stip. Record, Dkt. # 33-12 at pp. 57–58 (Ordinance citing data linking lower recidivism to stable housing) *with id.* at p. 60 (the Ordinance follows the recommendation that the City address barriers to housing).

[57] Pls.' Opp. to XMSJ & Reply, Dkt. # 48 at p. 19.

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 9
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

the studies they cite highlight other drivers of recidivism, Plaintiffs cannot rebut the studies linking stable housing and reduced recidivism.

Plaintiffs harp on how the Ordinance allows a landlord to reject an adult on a sex offender registry if the landlord demonstrates a "legitimate business reason" for the action.[58] This exemption is tailored to the nature of sex crimes—even the first page of the study Plaintiffs cite highlights that "[w]ithin 9 years of their release from prison in 2005 . . . [r]eleased sex offenders were more than three times as likely as other released prisoners to be arrested for rape or sexual assault . . . ."[59] The landlord must show that rejecting the person on the sex offender registry "is necessary to achieve a substantial, legitimate, nondiscriminatory interest" by demonstrating a nexus to resident safety in light of such factors as: the number, nature, and severity of the convictions; the age of the individual when convicted; and evidence of tenant history.[60] This is a balanced, rational approach to this unique type of crime.

Declaring their nonracial motives gains Plaintiffs nothing.[61] The Ordinance is rationally aimed at racially disparate impacts without regard to motive, and "Plaintiffs cannot evade public comments, evidence, and scholarship demonstrating criminal history is a significant barrier to housing disproportionately hindering people of color."[62]

---

[58] Pls.' Supp., Dkt. # 66 at p. 10 (citing SMC 14.09.025.A.3, reproduced at Dkt. # 33-13 at p. 5).

[59] Mariel Alper and Matthew Durose, RECIDIVISM OF SEX OFFENDERS RELEASED FROM STATE PRISON at 1 (U.S. Dept. of Justice, Bureau of Justice Statistics, May 2019), *available at* https://www.bjs.gov/content/pub/pdf/rsorsp9yfu0514.pdf (last visited April 15, 2020). *See* Pls.' Supp., Dkt. # 66 at p. 10 n.6 (citing that study).

[60] SMC 14.09.010 (defining "legitimate business reason") (reproduced at Dkt. # 33-13 at pp. 2–3).

[61] Pls.' Supp., Dkt. # 66 at p. 10.

[62] City's Reply, Dkt. # 50 at p. 9 (citing examples).

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 10
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Plaintiffs continue to peck at the Ordinance's narrow exemption for providers of federally-assisted housing, but offer nothing to overcome the City's need to accommodate controlling federal law.[63]

To score a rhetorical point, Plaintiffs point to a Councilmember who raised a concern about a due process and equal protection issue if the bill included an exemption for properties with four or fewer units where the landlord occupied one.[64] Plaintiffs omit that the Council removed that exemption.[65]

### III.   CONCLUSION

This Court should enter judgment for the City because Plaintiffs cannot sustain their substantial burden under the "rational basis" analysis controlling their due process claims.

Respectfully submitted April 16, 2020.

| | |
|---|---|
| PETER S. HOLMES<br>Seattle City Attorney | SUMMIT LAW GROUP PLLC |
| By:  *s/Roger D. Wynne*<br>       *s/Sara O'Connor-Kriss*<br>Roger D. Wynne, WSBA #23399<br>(206) 233-2177<br>Roger.Wynne@seattle.gov<br>Sara O'Connor-Kriss, WSBA #41569<br>(206) 615-0788<br>Sara.OConnor-Kriss@seattle.gov<br>Seattle City Attorney's Office<br>701 5th Avenue, Suite 2050<br>Seattle, WA 98104<br>*Attorneys for Defendant City of Seattle* | By:  *s/Jessica L. Goldman*<br>Jessica L. Goldman, WSBA #21856<br>Summit Law Group PLLC<br>315 5th Ave. South, Suite 1000<br>Seattle, WA 98104<br>(206) 676-7062<br>jessicag@summitlaw.com<br>*Attorneys for Defendant City of Seattle* |

---

[63] *Compare* Pls.' Supp., Dkt. # 66 at pp. 10–11 *with* City's Opp. & XMSJ, Dkt. # 33 at pp. 21–22 *and* City's Reply, Dkt. # 50 at p. 10.

[64] Pls.' Supp., Dkt. # 66 at pp. 11–12.

[65] Stip. Record, Dkt. # 33-7 at p. 53 (Amendment 7); Stip. Facts, Dkt. # 24 at p. 10, ¶¶ 29–31.

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 11
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

# CERTIFICATE OF SERVICE

I certify that on this day I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Brian T. Hodges
Ethan W. Blevins
Pacific Legal Foundation
255 South King Street, Ste. 800
Seattle, WA 98104
425-576-0484
bth@pacificlegal.org
eblevins@pacificlegal.org
*Attorneys for Plaintiffs*

Hillary Madsen
Kimberlee L. Gunning
Nicholas Brian Allen
Columbia Legal Services
101 Yesler Way, Ste. 300
Seattle, WA 98104-2552
206-464-0838
hillary.madsen@columbialegal.org
Kim.Gunning@columbialegal.org
nick.allen@columbialegal.org
*Attorneys for* Amici Curiae *Pioneer Human Services and Tenants Union of Washington*

Eric Dunn
National Housing Law Project
919 E. Main Street, Ste. 610
Richmond, VA 23219
415-546-7000 ext. 3102
edunn@nhlp.org
*Attorney for* Amici Curiae *National Housing Law Project and Sargent Shriver National Center on Poverty Law*

Melissa R. Lee
Robert S. Chang
Ronald A. Peterson Law Clinic
1112 E. Columbia St.
Seattle, WA 98122
206-398-4394
leeme@seattleu.edu
changro@seattleu.edu
*Attorneys for* Amici Curiae *Fred T. Korematsu Center for Law and Equality and ACLU-WA*

Michael J. Saltz
Jacobsen, Russell, Saltz, Nassim & De La Torre, LLP
1880 Century Park East, Suite 900
Los Angeles, CA 90067
msaltz@jrsnd.com
310-446-9900
*and* Jeffrey E. Bilanko
Carroll, Biddle, & Bilanko, PLLC
801 2nd Avenue, Suite 800
Seattle, WA 98104
206-489-5549
jbilanko@cbblegal.com
*Attorneys for* Amicus Curiae *NCRA*

Douglas E. Smith
Littler Mendelson, P.C.
600 University Street, Suite 3200
Seattle, WA 98101-3122
206-623-3300
desmith@littler.com
*Attorneys for* Amici Curiae *CDIA/NAPBS*

DATED April 16, 2020.

*s/ Alicia Reise*
Alicia Reise

CITY'S SUPPLEMENTAL OPENING-RESPONSE RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 12
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200