The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YIM, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF SEATTLE,<br><br>　　　　　　　　　Defendant. | No.   2:18-cv-736-JCC<br><br>CITY OF SEATTLE'S SUPPLEMENTAL REPLY BRIEF RE PLAINTIFFS' WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM<br><br>NOTED ON MOTION CALENDAR:<br>Friday, May 22, 2020 |

**Contents**

I. Introduction ................................................................................................................... 1

II. Argument ...................................................................................................................... 1

　A. The deferential "rational basis" analysis is black-letter law. ........................... 1

　B. Plaintiffs' alternative analyses are groundless. ................................................ 3

　C. The Ordinance survives "rational basis" review. ............................................. 5

III. Conclusion .................................................................................................................... 6

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE
DUE PROCESS CLAIM - i
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

## I.     INTRODUCTION

Plaintiffs' state substantive due process claim is governed by the deferential "rational basis" analysis, not the groundless alternatives Plaintiffs offer. The Ordinance survives review under that analysis.

## II.     ARGUMENT

### A.     The deferential "rational basis" analysis is black-letter law.

Plaintiffs do not question the City's representation of black-letter "rational basis" case law.[1] They instead urge this Court to disregard that law as out of step with what they claim is authority reducing substantive due process claims to a judicial fact-finding exercise about a regulation's efficacy.[2] Plaintiffs' pitch rests on misrepresentations of U.S. Supreme Court case law.[3] For example, they cast a concurring opinion as addressing what "courts applying rational basis" should do.[4] That opinion addressed the standard used to assess whether government may take property consistent with the Public Use Clause—a standard that merely "echoes" the "rational basis" analysis.[5] The passage Plaintiffs selectively quote is limited to exercising eminent domain and underscores the Court's deferential approach even in that context.[6]

Plaintiffs also misrepresent an early "rational basis" decision as saying: "[W]e recognize that the constitutionality of a statute, valid on its face, may be assailed by proof of facts tending

---

[1] *See* City's Opening-Resp., Dkt. # 69 at pp. 9–10.

[2] Pls.' Resp.-Reply, Dkt. # 70 at pp. 8–9.

[3] *Id*. at p. 8 n.4. Due to space constraints, the City will not distinguish all the decisions Plaintiffs cite. Like the City, the Court will also find them unpersuasive.

[4] *Id*. (citing *Kelo v. City of New London*, 545 U.S. 469, 491 (2005) (Kennedy, J., concurring)).

[5] *Kelo*, 545 U.S. at 490–91 (Kennedy, J., concurring).

[6] *Id*. at 491 ("A court confronted with a plausible accusation of impermissible favoritism to private parties should treat the objection as a serious one and review the record to see if it has merit, though with the presumption that the government's actions were reasonable and intended to serve a public purpose.").

---

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 1
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

to show that the statute as applied to a particular article is without support in reason."[7] The passage Plaintiffs strategically quote addressed the inquiry into a challenger's claim—one Plaintiffs' do not make—that their unique situation makes treating them with others irrational, and warns that judicial fact-finding has no place even in that inquiry if the question is debatable:

> Similarly we recognize that the constitutionality of a statute, valid on its face, may be assailed by proof of facts tending to show that the statute as applied to a particular article is without support in reason because the article, although within the prohibited class, is so different from others of the class as to be without the reason for the prohibition . . . . **But by their very nature such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it**. Here **the demurrer challenges the validity of the statute on its face and** it is evident from all the considerations presented to Congress, and those of which we may take judicial notice, that **the question is at least debatable** . . . . **As that decision was for Congress, neither the finding of a court arrived at by weighing the evidence, nor the verdict of a jury can be substituted for it.**[8]

Plaintiffs misrepresent *City of Cleburne* as authority for abandoning the black-letter "rational basis" analysis for judicial fact-finding about a law's efficacy.[9] *City of Cleburne* struck a zoning ordinance treating housing for those with mental disabilities differently from housing for others.[10] The decision did not look, as Plaintiffs claim, "to whether the zoning ordinance was actually effective in achieving [its] goals."[11] *City of Cleburne* looked at whether the goal itself was rational: "The question is whether it is rational to treat the mentally retarded differently."[12] Because the record did not reveal, and presumably the Court could not imagine, a rational link

---

[7] Pls.' Resp.-Reply, Dkt. # 70 at p. 9 n.4 (citing *United States v. Carolene Products*, 304 U.S. 144, 153–54 (1938)).
[8] *Carolene Prods.*, 304 U.S. at 152–54 (emphasis added; citations omitted).
[9] Pls.' Resp.-Reply, Dkt. # 70 at pp. 7–8 (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985)).
[10] *City of Cleburne*, 473 U.S. at 435–37, 447–50.
[11] Pls.' Resp.-Reply, Dkt. # 70 at p. 8.
[12] *City of Cleburne*, 473 U.S. at 449.

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 2
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-cv-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

between the law and a legitimate governmental goal, the Court concluded the goal was impermissible prejudice: "The short of it is that requiring the permit in this case appears to us to rest on an irrational prejudice against the mentally retarded . . . ."[13]

The same is true of *Romer*, which Plaintiffs also miscast as requiring fact-finding about efficacy.[14] *Romer* struck a state constitutional amendment prohibiting laws designed to protect homosexuals from discrimination.[15] The record did not reveal, and presumably the Court could not imagine, a legitimate state interest to which the amendment was rationally directed; it was directed to the illegitimate purpose of making a class of persons unequal to everyone else.[16]

*City of Cleburne* and *Romer* disprove Plaintiffs' contention that applying the black-letter "rational basis" analysis would render substantive due process protections toothless.[17] Although the analysis is deferential, government may not use it to hide a pretextual discriminatory law that a court—even when considering every stated or imagined rationale—cannot rationally link to a legitimate governmental goal.

### B. Plaintiffs' alternative analyses are groundless.

Plaintiffs' attempts to press alternative analyses fall short. "Rational basis" requires no "means-ends" assessment.[18] None of the decisions Plaintiffs invoke is to the contrary.[19] Neither

---

[13] *Id.* at 450.

[14] Pls.' Resp.-Reply, Dkt. # 70 at p. 9 (citing *Romer v. Evans*, 517 U.S. 620 (1996)).

[15] *Romer*, 517 U.S. at 623–24.

[16] *Id.* at 635–36.

[17] *See* Pls.' Resp.-Reply, Dkt. # 70 at p. 9.

[18] *Heller v. Doe*, 509 U.S. 312, 321 (1993) ("[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends."); *Samson v. City of Bainbridge Is.*, 683 F.3d 1051, 1058 (9th Cir. 2012) (federal courts eschew heightened means-end scrutiny); *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (same).

[19] *See* Pls.' Resp.-Reply, Dkt. # 70 at pp. 4–6.

---

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 3
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

*Euclid* nor *Nectow* used "means" or "ends"[20] and the City has explained—without response from Plaintiffs—why *Nebbia* and the *Moore* plurality do not support a means-ends analysis.[21]

"Undue oppression" has no place in federal substantive due process law.[22] Plaintiffs misrepresent thirteen decisions for the proposition that "the federal circuit courts still apply these heightened inquiries [*Mugler*'s "oppressive on the citizen" and *Goldblatt*'s "undue oppression"] in property cases."[23] Eleven mentioned "oppression" only in the context of the "shocks the conscience" analysis applied to executive action, not legislation, and eight of those eleven involved no property interest—they featured liberty interests or claims of bodily harm.[24] One of the other two involved no due process claim.[25] The only one of the thirteen resolving a substantive due process challenge to legislation allegedly impinging a property right applied the

---

[20] *Nectow v. Cambridge*, 277 U.S. 183 (1928); *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365 (1926).

[21] City's Opening-Resp., Dkt. # 69 at pp. 4–5 (discussing *Moore v. East Cleveland*, 431 U.S. 494 (1977), and *Nebbia v. New York*, 291 U.S. 502 (1934)).

[22] *Cf.* Pls.' Resp.-Reply, Dkt. # 70 at p. 10. Plaintiffs falsely claim the City concedes "undue oppression" is part of the "rational basis" analysis. *Compare id. with* City's Opening-Resp., Dkt. # 69 at pp. 4–8.

[23] Pls.' Resp.-Reply, Dkt. # 70 at pp. 6–7 n.3.

[24] *Guertin v. State*, 912 F.3d 907, 917–18 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 933 (2020) (no property interest); *Parker v. Henry & William Evans Home for Children, Inc.*, 762 F. App'x 147, 156, 158 (4th Cir. 2019) (no property interest); *Holland v. Rosen*, 895 F.3d 272, 292–93 (3d Cir. 2018) (no property interest); *Waldman v. Conway*, 871 F.3d 1283, 1292–93, 1287 (11th Cir. 2017) (no property interest); *Nestle Waters N. Am., Inc. v. City of New York*, 689 F. App'x 87, 88 (2d Cir. 2017); *Gladden v. Richbourg*, 759 F.3d 960, 964–66 (8th Cir. 2014) (no property interest); *Bettendorf v. St. Croix Cty.*, 631 F.3d 421, 426–27 (7th Cir. 2011); *Torromeo v. Town of Fremont*, 438 F.3d 113, 118 (1st Cir. 2006); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 248 (5th Cir. 2003) (no property interest); *Sherwood v. Oklahoma Cty.*, 42 F. App'x 353, 354–57 (10th Cir. 2002) (no property interest); *Washington Teachers' Union Local No. 6, Am. Fed'n of Teachers, AFL-CIO v. Bd. of Educ. of the D.C.*, 109 F.3d 774, 778, 781 (D.C. Cir. 1997) (no property interest).

"Oppression" is limited to the context of executive action. "While due process protection in the substantive sense limits what the government may do in both its legislative and its executive capacities, criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue." *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (citations omitted). Because the due process clause was intended to prevent executive officials from employing their power "as an instrument of oppression," the Supreme Court has long "spoken of the cognizable level of executive abuse of power as that which shocks the conscience." *Id.* at 846.

[25] *Greene v. United States*, 440 F.3d 1304, 1314 (Fed. Cir. 2006) (merely citing a decision about due process limitations on retroactive legislation).

---

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 4
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

"rational basis" analysis.[26] None of the thirteen cited *Mugler* or *Goldblatt*, although a dissent in one cited them only to note they are out of step with modern takings jurisprudence.[27]

Unable to support its new "substantial relation" test with authority or respond to the City's critique of that test, Plaintiffs just knock over strawmen by falsely claiming the City argued *Lingle* rejected that test, which was a product of the *Lochner* era.[28] The City invoked *Lingle* and the *Lochner* era to respond only to Plaintiffs' proffered "undue oppression" analysis, not its proffered "substantial relation" analysis.[29]

### C. The Ordinance survives "rational basis" review.

Unable to assail the rational basis of the Ordinance as a whole, Plaintiffs continue to peck unsuccessfully at two components. First, they harp on the Ordinance's treatment of sex offenders, questioning the uniqueness of that offense.[30] Plaintiffs overlook Washington's extensive registry and post-release management program unique to sex offenders,[31] which the Washington Legislature created to address the unique risks sex offenders pose to the community, including their "high risk of reoffense."[32] Plaintiffs might quibble with that law and purpose, but the City Council rationally heeded them.

Second, Plaintiffs attack the Ordinance's exemption for "an adverse action taken by landlords of federally assisted housing subject to federal regulations that require denial of

---

[26] *Vandevere v. Lloyd*, 644 F.3d 957, 969 (9th Cir. 2011). *Vandevere* mentioned "oppression" only in a parenthetical summarizing the "shocks the conscience" analysis applied to executive action. *Id*.

[27] *Bettendorf*, 631 F.3d at 432–33 (Hamilton, J., concurring in part and dissenting in part).

[28] Pls.' Resp.-Reply, Dkt. # 70 at pp. 6–7 (citing *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005)).

[29] City's Opening-Resp., Dkt. # 69 at p. 6. *Compare id*. at 4–5 (City's "substantial relation" argument).

[30] Pls.' Resp.-Reply, Dkt. # 70 at pp. 10–11.

[31] *See, e.g.*, RCW 4.24.550 (mandating the creation of a registered sex offender website); RCW 9A.44.130 (requiring sex offenders to register); RCW 72.09.345 (describing the process for assigning sex offender risk levels).

[32] Wash. Laws of 1990, ch. 3, § 401.

---

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 5
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

tenancy."[33] They concede "[a]voiding federal preemption is likely a legitimate government interest,"[34] but it is more—it is a Supremacy Clause imperative. Plaintiffs misrepresent this exemption as "appl[ying] far beyond what federal law requires."[35] The exemption immediately follows and applies the Ordinance's general rule that "[i]n the event of any conflict, state and federal requirements shall supersede the requirements of this [Ordinance]."[36] The exemption—which Plaintiffs fail to quote fully—is limited to what federal law requires.[37] Plaintiffs claim "federally assisted housing" is undefined and suggest it sweeps broadly.[38] They overlook the federal definitions controlling application of that term (which is borrowed from federal law)[39] and conceal the part of the Ordinance's exemption limiting it to "federal regulations that require denial of tenancy."[40] Those provisions delimit the exemption.

### III.   CONCLUSION

The City respectfully asks this Court to dismiss Plaintiffs' state substantive due process claim because the Ordinance survives review under controlling law.

//

//

//

//

---

[33] Pls.' Resp.-Reply, Dkt. # 70 at pp. 11–13 (attacking Dkt. # 33-13 at p. 19 (SMC 14.09.115.B)).

[34] *Id.* at p. 12.

[35] *Id.* at p. 13.

[36] Dkt. # 33-13 at p. 19 (SMC 14.09.115.A).

[37] *Id.* (SMC 14.09.115.B).

[38] Pls.' Resp.-Reply, Dkt. # 70 at pp. 12–13.

[39] 42 U.S.C. § 13664(a)(2); 24 C.F.R. § 5.100.

[40] *See* Dkt. # 33-13 at p. 19 (SMC 14.09.115.B).

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 6
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Respectfully submitted May 22, 2020.

| | |
|---|---|
| PETER S. HOLMES<br>Seattle City Attorney | SUMMIT LAW GROUP PLLC |
| By: *s/Roger D. Wynne*<br>    *s/Sara O'Connor-Kriss*<br>Roger D. Wynne, WSBA #23399<br>(206) 233-2177<br>Roger.Wynne@seattle.gov<br>Sara O'Connor-Kriss, WSBA #41569<br>(206) 615-0788<br>Sara.OConnor-Kriss@seattle.gov<br>Seattle City Attorney's Office<br>701 5th Avenue, Suite 2050<br>Seattle, WA 98104<br>*Attorneys for Defendant City of Seattle* | By: *s/Jessica L. Goldman*<br>Jessica L. Goldman, WSBA #21856<br>Summit Law Group PLLC<br>315 5th Ave. South, Suite 1000<br>Seattle, WA 98104<br>(206) 676-7062<br>jessicag@summitlaw.com<br>*Attorneys for Defendant City of Seattle* |

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 7

*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

# CERTIFICATE OF SERVICE

I certify that on this day I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Brian T. Hodges<br>Ethan W. Blevins<br>Pacific Legal Foundation<br>255 South King Street, Ste. 800<br>Seattle, WA 98104<br>425-576-0484<br>bth@pacificlegal.org<br>eblevins@pacificlegal.org<br>*Attorneys for Plaintiffs* | Melissa R. Lee<br>Robert S. Chang<br>Ronald A. Peterson Law Clinic<br>1112 E. Columbia St.<br>Seattle, WA 98122<br>206-398-4394<br>leeme@seattleu.edu<br>changro@seattleu.edu<br>*Attorneys for* Amici Curiae *Fred T. Korematsu Center for Law and Equality and ACLU-WA* |
| Kimberlee L. Gunning<br>Nicholas Brian Allen<br>Columbia Legal Services<br>101 Yesler Way, Ste. 300<br>Seattle, WA 98104-2552<br>206-464-0838<br>Kim.Gunning@columbialegal.org<br>nick.allen@columbialegal.org<br>*Attorneys for* Amici Curiae *Pioneer Human Services and Tenants Union of Washington* | Michael J. Saltz<br>Jacobsen, Russell, Saltz, Nassim & De La Torre, LLP<br>1880 Century Park East, Suite 900<br>Los Angeles, CA 90067<br>msaltz@jrsnd.com<br>310-446-9900<br>*and* Jeffrey E. Bilanko<br>Carroll, Biddle, & Bilanko, PLLC<br>801 2nd Avenue, Suite 800<br>Seattle, WA 98104<br>206-489-5549<br>jbilanko@cbblegal.com<br>*Attorneys for* Amicus Curiae *NCRA* |
| Eric Dunn<br>National Housing Law Project<br>919 E. Main Street, Ste. 610<br>Richmond, VA 23219<br>415-546-7000 ext. 3102<br>edunn@nhlp.org<br>*Attorney for* Amici Curiae *National Housing Law Project and Sargent Shriver National Center on Poverty Law* | Douglas E. Smith<br>Littler Mendelson, P.C.<br>600 University Street, Suite 3200<br>Seattle, WA 98101-3122<br>206-623-3300<br>desmith@littler.com<br>*Attorneys for* Amici Curiae *CDIA/NAPBS* |
| Jill D. Bowman<br>Stoel Rives LLP<br>600 University St., Suite 3600<br>Seattle, WA 98101<br>206.624.0900<br>jill.bowman@stoel.com<br>*Attorney for GRE Downtowner LLC* | |

DATED May 22, 2020.

*s/ Alicia Reise*
Alicia Reise

CITY'S SUPPLEMENTAL REPLY RE WASHINGTON SUBSTANTIVE DUE PROCESS CLAIM - 8
*YIM ET AL. V. CITY OF SEATTLE*, NO. C18-CV-736-JCC

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7097
(206) 684-8200