

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF SEATTLE, a Washington municipal corporation, <br><br> Defendant. | CASE NO. C18-0736-JCC <br><br> ORDER |

This matter comes before the Court on GRE Downtowner, LLC's ("GRE") motion for leave to file a brief in support of Plaintiffs' motion for summary judgment (Dkt. No. 71). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I.   BACKGROUND

In August 2017, Defendant, the City of Seattle, enacted Seattle Municipal Code § 14.09, known as the "Fair Chance Housing Ordinance." The Ordinance generally prohibits landlords from considering or inquiring into an applicant's criminal history when making a rental decision. On May 21, 2018, Plaintiffs filed a complaint alleging that the Ordinance violates the due process and free speech provisions of the Washington Constitution and United States Constitution. (Dkt. No. 1-1 at 14–18.)

Over the next eight months, the parties briefed dueling motions for summary judgment. (Dkt. Nos. 23, 33, 48, 50.) Those motions raised significant issues of public importance, and several interested third parties sought leave to address those issues in *amicus* briefs. (Dkt. Nos. 26, 28, 39, 42, 44.) The Court directed third parties to file *amicus* briefs no later than November 23, 2018. (Dkt. No. 25 at 1.) In total, eight third parties filed *amicus* briefs by the deadline. (*See* Dkt. No. 49 at 2–3.)

After the parties and *amici* had fully briefed the issues raised in the motions for summary judgment, Defendant moved to certify a question to the Washington Supreme Court. (Dkt. No. 51.) On February 5, 2019, the Court granted the motion and certified three questions. (Dkt. No. 54 at 2–3.) The Washington Supreme Court answered those questions one year later. (Dkt. No. 63.) After receiving the Washington Supreme Court's answers, the parties sought to file limited supplemental briefing. (Dkt. No. 64) The Court granted the parties' request and ordered the parties to complete their supplemental briefing by May 22, 2020. (Dkt. No. 68 at 1.)

GRE now moves to file one last *amicus* brief in support of Plaintiffs' motion for summary judgment. (Dkt. No. 71.) Defendant opposes the motion. (Dkt. No. 74.)

## II. DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, slip op. at 1 (W.D. Wash. 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

GRE argues that the Court should allow it to file an *amicus* brief because "as a landlord of federally assisted housing, GRE can provide information and perspective not already provided by the parties and the other *amici*." (Dkt. No. 71 at 3.) The Court appreciates that perspective.

However, the deadline for filing *amicus* briefs passed a year and a half ago, (Dkt. No. 25 at 1), and the parties and *amici* have exhaustively discussed the legal issues in this case over the course of 13 briefs, (Dkt. Nos. 23, 33, 38, 39-1, 40, 42-1, 44-1, 48, 50, 69, 70, 76). The Court does not need additional briefing at this time.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES GRE's motion for leave to file a brief in support of Plaintiffs' motion for summary judgment (Dkt. No. 71).

DATED this 9th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE