Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CHONG and MARILYN YIM, KELLY LYLES, EILEEN, LLC, and RENTAL HOUSING ASSOCIATION OF WASHINGTON,<br><br>    Plaintiffs,<br>v.<br><br>THE CITY OF SEATTLE, a Washington Municipal corporation,<br><br>    Defendant. | Civil Action No. 2:18-cv-00736-JCC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs wish to notify the Court of recent Ninth Circuit precedent relevant to this dispute. In *Pacific Coast Horseshoeing School, Inc. v. Kirchmeyer*, 961 F.3d 1062 (9th Cir. 2020), the Ninth Circuit addressed whether certain provisions of California's Private Postsecondary Education Act regulated conduct or speech for purposes of a First Amendment challenge.

In *Pacific Coast Horseshoeing School*, Esteban Narez sought to enroll in a program at a privately run horseshoeing school in order to become a farrier. *Id.* at 1066. Since he didn't have a high school degree, however, the Postsecondary Education Act required that he submit to a state-administered exam before he could enroll. *Id.* Mr. Narez and the school objected to the exam requirement and challenged it on First Amendment grounds.

*Pl. Ntc of Supp. Authority* - 1
2:18-cv-00736-JCC

*Pacific Legal Foundation*
*255 South King St., Suite 800*
*Seattle, Washington 98104*
*(425) 576-0484*

The lower court granted a motion to dismiss on the grounds that the law only regulated conduct—enrolling at a school. The Court disagreed, holding that the law "regulates what kind of educational programs different institutions can offer to different students. Such a regulation squarely implicates the First Amendment." *Id.* at 1069.

The panel opinion described in some depth how to address the distinction between conduct and speech. The panel said that "[o]ne way for us to tell is to ask whether the [law] differentiates between speech or speakers," and whether it "target[s] speech based on its communicative content." *Id.* at 1070–71 (quoting *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015)). The California law, the Court held, regulated speech because it favored "particular kinds of speech and particular speakers through an extensive set of exemptions" and therefore "necessarily *disfavors* all other speech and speakers." *Pacific Coast Horseshoeing School*, 961 F.3d at 1072 (emphasis in original). In addition, the law implicated free speech by regulating based on "who the listener is and the message the speaker seeks to convey." *Id.* at 1073.

The Court also reaffirmed the right to receive information. Narez had suffered an "actual injury under the First Amendment" because the Act restricted his "right to receive information and ideas" by placing barriers to enrolling in a private post-secondary school. *Id.* at 1069 (cleaned up).

Here, the City of Seattle has defended the Fair Chance Housing Ordinance, which bans landlord inquiries about criminal history, on the grounds that the ban regulates conduct, not speech. *See* City's Opp. and Cross Motion for Summary Judgment (Oct. 26, 2018), Dkt. #23 at 10 ("The Ordinance regulates commercial conduct."); City's Reply in Support of Its Cross Motion for Summary Judgment (Jan. 11, 2019), Dkt. #50 at 2 ("Subsection 2 is part of a commercial conduct regulation imposing incidental burdens on speech with minimal expressive elements.").

Plaintiffs, moreover, have relied in part on the right to receive information in arguing that the ban on inquiries about criminal history burden protected First Amendment interests. *See* Plaintiff's Motion for Summary Judgment, Dkt. #23 at 6–8 ("Seattle's gag rule implicates the First Amendment by restricting access to information that Seattle does not control—and which is otherwise publicly available—if the inquirer plans to use that information for a purpose that the

Pl. Ntc of Supp. Authority - 2
2:18-cv-00736-JCC

Pacific Legal Foundation
255 South King St., Suite 800
Seattle, Washington 98104
(425) 576-0484

City disapproves."); Plaintiffs' Opp. to City's Cross-Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment, Dkt. #48 at 2–4 ("Here, the gag rule directly restrains the right to receive information, a recognized First Amendment right.").

DATED:  March 30, 2021.

        Respectfully submitted,

By: s/  BRIAN T. HODGES
By: s/  ETHAN W. BLEVINS
Brian T. Hodges, WSBA # 31976
Ethan W. Blevins, WSBA # 48219
Pacific Legal Foundation
255 South King Street, Suite 800
Seattle, Washington 98104
Telephone: (425) 576-0484
Email: BHodges@pacificlegal.org
Email: EBlevins@pacificlegal.org

Attorneys for Plaintiffs

*Pl. Ntc of Supp. Authority* - 3
2:18-cv-00736-JCC

*Pacific Legal Foundation*
*255 South King St., Suite 800*
*Seattle, Washington 98104*
*(425) 576-0484*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF, system which will send notification to all counsel of record.

s/ ETHAN W. BLEVINS
Ethan W. Blevins, WSBA # 48219

Attorney for Plaintiffs

Pl. Ntc of Supp. Authority - 4
2:18-cv-00736-JCC

Pacific Legal Foundation
255 South King St., Suite 800
Seattle, Washington 98104
(425) 576-0484