The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHONG YIM, *et al.*,

    Plaintiffs,

v.

CITY OF SEATTLE,

    Defendant.

NO. 18-cv-736-BJR

**ORDER RE: SEVERANCE**

## I.    INTRODUCTION

This case challenged the constitutionality of two provisions in the City of Seattle's Fair Chance Housing Ordinance ("the Ordinance"), which seeks to reduce barriers to housing faced by people with criminal records. The Honorable John C. Coughenour of this District Court upheld the constitutionality of both provisions. Order, ECF No. 88. Plaintiffs appealed, and the District Court's ruling was reversed in part and affirmed in part by the Ninth Circuit Court of Appeals. Ninth Op., ECF No. 97. The Ninth Circuit remanded the case back to the District Court for further proceedings, and the case was then reassigned to the undersigned Judge. Now pending before this Court are cross-motions for summary judgment to determine if the unconstitutional provision can be severed

ORDER RE: SEVERANCE

- 1

from the rest of the Ordinance. ECF Nos. 114, 120. Having reviewed the materials[1] and the relevant legal authorities, the Court will deny Plaintiffs' motion, grant Defendant's motion, and sever the unconstitutional provision from the Ordinance. The reasoning for the Court's decision follows.

## II.     BACKGROUND[2]

The City of Seattle enacted the Fair Chance Housing Ordinance, Seattle Municipal Code § 14.09 *et seq.*, in late 2017. The Ordinance prohibited landlords from inquiring about the criminal history of current or potential tenants, and from taking adverse action against them based on that information.[3] In 2018, several landlords and a landlord trade association filed a complaint in King County Superior Court, alleging that the inquiry provision violated the First Amendment's Free Speech Clause and that the adverse action provision violated the Fourteenth Amendment's Due Process Clause. The City removed the case to federal court, and the parties filed cross-motions for summary judgment based on a stipulated record. Judge Coughenour upheld the constitutionality of both the inquiry provision and the adverse action provision. Order, ECF No. 88. On appeal, the Ninth Circuit panel majority concluded that the inquiry provision impinged upon the First Amendment rights of landlords as a regulation of speech that does not survive intermediate scrutiny. However, the panel upheld Judge Coughenour's ruling that the adverse action provision of the Ordinance does not violate the landlords' substantive due process rights, because landlords have no fundamental right to exclude. The Ninth Circuit, noting that the Ordinance contains a severability clause, remanded the case back to the District Court to determine whether there is evidence in the

---

[1] Including Plaintiffs' motion, ECF No. 114; the City's cross-motion and response in opposition, ECF No. 120; and Plaintiffs' response/reply, ECF No. 122; together with attached declarations and exhibits.

[2] Because the parties are quite familiar with the background of this case, this Court provides only a brief background to aid in understanding its decision on this issue. For more detail, *see* the Ninth Circuit Opinion, ECF No. 97, and Judge Coughenour's Order on Summary Judgment, ECF No. 88.

[3] Unrelated to this action, the Ordinance was subsequently amended during the COVID-19 pandemic and renamed the Fair Chance Housing and Eviction Records Ordinance. *See* S.M.C. § 14.09.005.

ORDER RE: SEVERANCE

- 2

record that would overcome the presumption that the unconstitutional inquiry provision could be severed from the Ordinance.[4] The parties have filed cross-motions for summary judgment on the severability question. The parties agree that this Court should grant judgment to whichever party prevails on the severability issue. ECF No. 113.

### III. DISCUSSION

Plaintiffs want this Court to rule that the inquiry provision cannot be severed from the Ordinance and to enjoin any further enforcement of the entire Ordinance. Pls.' Mot. 2. Plaintiffs argue that the Ordinance's language and legislative history make clear that the inquiry provision was so central to the City's objectives that the law would not have been adopted without it. *Id.* at 1 (citing *Leonard v. City of Spokane*, 127 Wn.2d 194, 201 (1995)). The City argues that other provisions of the Ordinance "still advance the Ordinance's purposes to reduce barriers to housing faced by people with criminal records and lessen the use of criminal history as a proxy to discriminate against people of color disproportionately represented in the criminal justice system." Opp'n 8. The City asserts that although the City Council might prefer to ban inquiries, it still recognizes value in banning only discriminatory acts, and would have enacted the Ordinance without the inquiry provision. *Id.* at 9-10.

The Ordinance contains a severability clause, which states:

> The provisions of this Chapter 14.09 are declared to be separate and severable. If any clause, sentence, paragraph, subdivision, section, subsection, or portion of this Chapter 14.09, or the application thereof to any landlord, prospective occupant, tenant, person, or circumstance, is held to be invalid, it shall not affect the validity of the remainder of this Chapter 14.09, or the validity of its application to other persons or circumstances.

---

[4] Further petitions to rehear and for writ of certiorari were denied.

ORDER RE: SEVERANCE

- 3

§ 14.09.120.

The judicial doctrine of severability arises out of respect for the separation-of-powers principle that only legislatures ought to make positive law, which means courts should avoid nullifying an entire statute when only a portion is invalid. *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 573–74 (9th Cir. 2014). Severability refers to the "elementary principle that the same statute may be in part constitutional and in part unconstitutional, and that if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected." *Id.* at 574 (quoting *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 502 (1985)). Whether the invalid part of a local ordinance is severable is a question of state law. *Id.* When making this determination, Washington courts consider

> whether the constitutional and unconstitutional provisions are so connected . . . that it could not be believed that the legislature would have passed one without the other; or where the part eliminated is so intimately connected with the balance of the act as to make it useless to accomplish the purposes of the legislature.

*El Centro De La Raza v. State*, 192 Wn.2d 103, 132 (2018) (quoting *State v. Abrams*, 163 Wn.2d 277, 285-86 (2008)). The Washington Supreme Court recognized that "the presence of a severability clause 'may provide the assurance that the legislative body would have enacted remaining sections even if others are found invalid,' though it 'is not necessarily dispositive on that question.'" *Ass'n of Washington Bus. v. Washington State Dep't of Ecology*, 195 Wn.2d 1, 18 (2020) (quoting *McGowan v. State*, 148 Wn.2d 278, 294-95 (2002)). To be severable, "[t]he invalid provision must be grammatically, functionally, and volitionally severable." *Abrams*, 163 Wn.2d at 287 (quoting *McGowan*, 148 Wn.2d at 295).

ORDER RE: SEVERANCE

- 4

**A.  The language to be severed**

Two parts of the Ordinance contain language that relate to the "inquiry provision"—§ 14.09.020 Notice to prospective occupants and tenants ("Notice Section"); and § 14.09.025 Prohibited use of criminal history ("Prohibited Use Section").

The Notice Section states: "The written notice shall state that the landlord is prohibited from requiring disclosure, asking about, rejecting an applicant, or taking an adverse action based on any arrest record, conviction record, or criminal history, except . . . ." § 14.09.020. Plaintiffs assert that to sever the "inquiry provision" from the Notice Section will require striking the language "requiring disclosure, asking about." Pls.' Mot. 13.  The City asserts that only "asking about" must be excised from the language of the Ordinance's Notice Section. Opp'n 12.

The Prohibited Use Section contains five "unfair practices" listed under Part A. The language of the second of these unfair practices states that it is an unfair practice for any person to: "Require disclosure, inquire about, or take an adverse action against a prospective occupant, a tenant, or a member of their household, based on any arrest record, conviction record, or criminal history, except . . . ." § 14.09.025.A.2. Plaintiffs assert that to sever the "inquiry provision" from the Prohibited Use Section will require striking the language "Require disclosure, inquire about, or" whereas the City asserts that only "inquire about" must be excised. Pls.' Mot. 13; Opp'n 12.

The Ninth Circuit panel recognized that the Plaintiffs challenged only two provisions of the Ordinance:

> The landlords initially filed their suit in state court, facially challenging two provisions of the statute. First, they challenged the "inquiry provision," which bars landlords from asking about a tenant's criminal history, alleging that it violated their First Amendment rights as well as their corollary rights under the Washington State Constitution. . . .

ORDER RE: SEVERANCE

- 5

> Second, the landlords challenged the "adverse action provision," which bars landlords from taking adverse action against a tenant based on the tenant's criminal history, alleging that the provision violates their rights under the Substantive Due Process Clause, as well as their corollary rights under the Washington State Constitution.

Ninth Op. 12-13. The Ninth Circuit Court stated that on appeal, "the landlords reassert their argument that the inquiry provision of the Ordinance violates the First Amendment, as applied to prospective tenants." *Id.* at 15, n.13. The Ninth Circuit described the inquiry provision using only the "inquire about" language, as follows:

> It is an unfair practice for any *person* to . . . inquire about . . . any arrest record, conviction record, or criminal history of a prospective occupant except pursuant to certain exceptions.

*Id.* at 16 (citing S.M.C. § 14.09.025(A), (2) (emphasis added by Ninth Circuit)). It also later described the inquiry provision as "a complete ban on any discussion of criminal history between the landlords and prospective tenants." *Id.* at 25.

Based on this Court's review of the prior decisions and arguments, this Court agrees with the City that the language to be excised from the Ordinance is limited to "inquire about" in the Prohibited Use Section, and "asking about" in the Notice Section. Thus, the language of the Ordinance with the inquiry provision severed would read as follows:

> § 14.09.020 Notice to prospective occupants and tenants
>
> The written notice shall state that the landlord is prohibited from requiring disclosure, ~~asking about,~~ rejecting an applicant, or taking an adverse action based on any arrest record, conviction record, or criminal history, except . . . ."
>
> § 14.09.025 Prohibited use of criminal history
>
> A. It is an unfair practice for any person to: . . . 2. Require disclosure**,** ~~inquire about,~~ or take an adverse action against a prospective occupant, a tenant, or a member of their household,

ORDER RE: SEVERANCE

- 6

>based on any arrest record, conviction record, or criminal history, except . . . ."

With the invalid provision severed, the Ordinance remains grammatically sound and functional. Next the Court considers whether the invalid provision is also "volitionally severable," meaning that "the balance of the legislation would have likely been adopted had the legislature foreseen the invalidity of the clause at issue." *Abrams*, 163 Wn.2d at 288. The Court must consider the Ordinance as a whole and determine if it could continue to advance its purposes without the inquiry provision.

**B. The Ordinance continues to accomplish its legislative purposes**

As stated by the Ninth Circuit in its opinion,

>[t]he City stated two purposes for enacting the Ordinance: (1) to "address barriers to housing faced by people with prior records;" and (2) lessening the use of criminal history as a proxy to discriminate against people of color who are disproportionately represented in the criminal justice system. Seattle, Wash., Ordinance 125393 at 5 (Aug. 23, 2017) (codified at S.M.C. §§ 14.09.010–.025).

Ninth. Op. at 10. "The very purpose of the Ordinance was to reduce barriers to housing and housing discrimination by barring landlords from considering an applicant's criminal history." *Id.* at 17.

Although with the inquiry provision severed, the Ordinance no longer prohibits landlords from inquiring into a prospective tenants' criminal history, it continues to prohibit landlords from taking an adverse action based on criminal history (with exceptions). Permitting landlords to inquire about prospective tenants' criminal history while retaining the Ordinances' prohibition on the landlords taking adverse actions based on that information, continues to prohibit landlords from discriminating against people with criminal histories and advances the City's objective of regulating the use of criminal history in rental housing. Certainly, even if not as effective as the City desired the Ordinance to be, eliminating the prohibition on inquiry does not make the

ORDER RE: SEVERANCE
- 7

Ordinance "useless to accomplish the purposes of the legislature." *See Abrams*, 163 Wn.2d at 285-86.

In addition, there are multiple other clauses in the Ordinance that remain unaffected by the removal of the inquiry provision, such as the prohibition on advertising, publicizing, or implementing a policy of automatically excluding individuals based on their criminal history, § 14.09.025.A.1, or the requirement to provide written notice with the specific information used as the basis for a legitimate adverse action, § 14.09.025.B, or the requirement to provide the name and address of the consumer reporting agency and disclosure of related rights to contest the information, § 14.09.025.C.[5] These other provisions still advance the objective of reducing barriers to housing faced by people with criminal records and to lessen the use of criminal history as a proxy to discriminate against people of color disproportionately represented in the criminal justice system.

Further, as stated in *Abrams*, the presence of the severability clause "offers to the courts the necessary assurance that the remaining provisions would have been enacted without the portions which are contrary to the constitution." 163 Wn.2d at 286; *see also El Centro*, 192 Wn.2d at 132. Plaintiffs do not provide evidence to overcome the presumption of severability nor the representation by the City that it continues to enforce the Ordinance without the inquiry provision.

Accordingly, the Court finds that the inquiry provision is severable. Plaintiffs' motion is denied, and the City's cross-motion is granted.

---

[5] The Court also notes that since 2020, a landlord also may not take an adverse action based on eviction history from the COVID-19 emergency. § 14.09.026.

ORDER RE: SEVERANCE

- 8

## IV.   CONCLUSION

For the foregoing reasons,

1. Plaintiffs' Motion for Summary Judgment on Severability, ECF No. 114, is DENIED;

2. Defendant City of Seattle's Cross-Motion for Summary Judgment, ECF No. 120, is GRANTED.

DATED this 23rd day of July 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: SEVERANCE

- 9